MANN, Judge.
Coryell’s wife invited an FBI agent to enter their home, in the living room of which he saw some weapons. He knew that Coryell had previously been convicted of a felony, and upon his affidavit a search warrant was issued. Pursuant to that warrant marijuana found in a golf bag in a bedroom was seized during the search. This evidence was suppressed by the trial judge on the theory that the wife has no authority to consent to a search.
Our statutes allow the issuance of a warrant for the search of a dwelling in which “a weapon, instrumentality, or means by which a felony has been committed is contained therein.” Fla.Stat. § 933.18(6), F.S.A. An affidavit based upon information given by a reliable confidential informer would support a search warrant. State v. Smith, Fla.1970, 233 So.2d 396; State v. Lewis, Fla.App. 1969, 225 So.2d 170; Paula v. State, Fla.App.1969, 188 So.2d 388. An affidavit of the FBI agent who personally witnessed a firearm in the home of one he knew to be a convicted felon whose rights had not been restored is, a fortiori, sufficient basis for the warrant. *88 The question then, is whether the agent was lawfully on the premises at the time of viewing the guns. The testimony was in dispute, but the trial judge accepted “the word of Agent Caro that he was invited into the home by the Defendant’s wife.” The judge then went on to state that “Florida law is abundantly clear that a wife cannot waive her husband’s constitutional rights. * * * The net result to the Defendant was exactly the same as it would have been had the officers asked permission to search the premises and been granted same by the Defendant’s wife in his absence.” This is a misconception of the question involved. No request for permission to search was made, and in fact no search was made until a warrant, based upon direct evidence of the violation, was issued. The question is not whether Mrs. Coryell had authority to consent to a search, but whether she had the right to invite a visitor into her own home. Certainly she did.
Coryell’s reliance on the statement of this court in State v. Blakely, Fla.App.1970, 230 So.2d 698, that the “husband and wife relationship itself, without more, does not impute authority to one spouse to waive the other’s constitutional right to demand a search warrant for the search of the premises” is misplaced. The search in this case was based on a warrant properly obtained on evidence gathered while the person on whose testimony it was based was not a trespasser. See Annotation, 10 A.L.R.3d 359 at 378, on the validity of warrants based on evidence gained while trespassing. Cf. Annotation, 31 A.L.R.2d 1078 at 1091 for the wife’s authority to consent to search of the husband’s premises. See also American Law Institute, Model Code of Pre-Arraignment Procedure, § SS 4.02 (Tent. Draft No. 3) 1970.
We expressly do not deal with the question of the wife’s authority to consent to a search of jointly possessed premises, nor do we foreclose the appellee’s right to raise other objections to admissibility, if he should have any, upon remand.
Reversed and remanded.
PIERCE, C. J., and HOBSON, J., concur. '