291 So.2d 15 (1974)
Robert Miller WOLFF, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 73-465.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Rehearing Denied March 26, 1974.
Appleton, Ernst, Miller & Kirwan, Key West, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
PEARSON, Judge.
The appellant was found guilty by a jury upon five counts charging possession of illegal drugs and drug paraphernalia. All of the charges grew out of a single search of appellant's private dwelling. Without the evidence procured by the search of appellant's home, the State would have a doubtful case for possession of illegal drugs and drug paraphernalia. The appellant timely moved to suppress the evidence as the product of an illegal search relying upon Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and Chacon v. State, Fla. 1958, 102 So.2d 578. The motion was denied. Error is assigned upon the ruling, and the ruling provides the controlling question on this appeal. The question is whether the trial judge erred in denying appellant's motion to suppress the evidence upon the ground that the search warrant was void because the supporting affidavit was insufficient. See Pesce v. State, Fla.App. 1974, 288 So.2d 264.
*16 The record reveals the following facts relative to the issuance of the search warrant. A City of Miami police officer went to Monroe County and made an affidavit to the issuing judge. The allegations of the Miami police officer to support the search of a Marathon home were:
"That on December 8, 1972, in the afternoon hours your affiant purchased five bags of heroin for one hundred dollars in the living room of number seven Man-O-War road, Marathon, Monroe County Florida from a white male who was at the time a guest of Doctor Robert M. Wolff Jr.
"That on December 19, 1972 a confidential informant of your affiant who has proven himself to be reliable on at least seven previous occasions told your affiant that in the evening hours of December 18, 1972 while the confidential inforamant [sic] was visiting the residence of Doctor Robert M. Wolff Jr. at number seven, Man-O-War road, Marathon, Monroe County Florida, the informant observed Doctor Robert M. Wolff Jr. and approximatly [sic] five guests smoking marijuana and also observed approximatly [sic] two ounces of marijuana in the living room at that time.
"That on December 19, 1972 the same confidential informant also stated to your affiant that the informant had a conversation in the evening hours of December 19, 1972 with Doctor Robert M. Wolff Jr., at number seven, Man-O-War road, Marathon, Monroe County Florida, in which Doctor Robert M. Wolff Jr. stated to the informant that he needed some more cocaine but that he still had some cocaine in his possession."
We hold that the affidavit was insufficient to authorize a search of the private dwelling. See Dunnavant v. State, Fla. 1950, 46 So.2d 871; Cooper v. State, 106 Fla. 254, 143 So. 217 (1932); Panzavecchia v. State, Fla.App. 1967, 201 So.2d 762. The legislature has expressed a particular regard for the necessity of careful compliance with the law when a private dwelling as distinguished from other buildings is to be searched. Fla. Stat. section 933.02, F.S.A., sets forth the grounds for issuance of a search warrant, but section 933.18 provides special conditions under which a search warrant may be issued for a private dwelling. The latter statute is in pertinent part as follows:
"933.18 When warrant may be issued for search of private dwelling.  No search warrant shall issue under this chapter or under any other law of this state to search any private dwelling occupied as such unless:
* * * * * *
"(5) The law relating to narcotics or drug abuse is being violated therein;
* * * * * *
"No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based." [Emphasis supplied]
It will be observed from the emphasized portion of the above statute that in the case of a private dwelling the affidavit must be made by the "creditable witness that he has reason ...", and that the affidavit of the witness "shall set forth the facts". It is revealing to contrast this provision with the section applicable to affidavits for other search warrants (Fla. Stat. section 933.06, F.S.A.), where it is provided that a judge must have a sworn application "and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application", and the facts need only be such that they are "tending to establish the grounds of the application or probable cause for believing that they exist".
*17 In Panzavecchia v. State, supra, at 201 So.2d 762, 764, this court held:
* * * * * *
"We hold that an affidavit in support of a search warrant for a dwelling house must show probable cause on the face thereof and that the State is not permitted to support the affidavit with additional evidence, as permitted by § 933.06, Fla. Stat., F.S.A. It is reasonable to assume that the Legislature intended, when it enacted the original statutes [which were the forerunners of the present sections] to require a more strict procedure for obtaining the search of a dwelling house than the procedure to be available for general searches. It has long been established that a man's home is his castle ...".
* * * * * *
The decision in Panzavecchia relied upon the decision of the Supreme Court of Florida in Cooper v. State, supra. In discussing the requirements of an affidavit for the search of a dwelling house, the Supreme Court stated:
* * * * * *
"We take it that the provisions quoted from section 8518, C.G.L., supra, mean that the person making the affidavit must therein swear that he, or she, has reason to believe that the dwelling is being used unlawfully as stated in the affidavit, and must then set forth specifically the facts upon which such reason or belief is based, and those facts must be so set forth that the existence or nonexistence thereof may be a matter of definite proof so that the affiant may be held responsible for the truth or falsity of his statements in that regard."
* * * * * *
Therefore, the only way to give effect to both statutes is to hold that section 933.18 applying to private dwellings requires the stricter rule that the creditable witness must himself make the affidavit and must be the one who knows the facts. The affidavit of the Miami police officer was that he had purchased heroin from a third person who was a guest in appellant's house. This fact was not sufficient to form a basis for probable cause to search the appellant's house. The remainder of the affidavit of the officer was as to things which he had been told by a "reliable" informant. This portion of the affidavit did not meet the requirements of Fla. Stat. section 933.18, F.S.A., that the affidavit set forth the facts on which his reason for belief is based. As pointed out in Cooper v. State, supra, the facts must be set forth "so that the affiant may be held responsible for the truth or falsity of his statements".
The denial of appellant's motion to suppress the evidence seized under the void warrant was prejudicial error. The judgment and sentence are reversed and the cause is remanded for a new trial.
Reversed and remanded.