302 So.2d 144 (1974)
STATE of Florida, Appellant,
v.
Ronald MIDDLETON, Appellee.
No. W-9.
District Court of Appeal of Florida, First District.
October 22, 1974.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellant.
Joseph S. Farley, Jr., of Mahon, Farley & Vickers, Jacksonville, for appellee.
PER CURIAM.
We here review by Interlocutory Appeal an order of the trial judge granting a motion to suppress certain evidence.
A warrant was issued authorizing the search of a certain residence in Jacksonville, which warrant was executed on February *145 7, 1974 resulting in the seizure at said residence of heroin. The warrant was based upon an affidavit signed by a Jacksonville detective in which affidavit the detective stated that he had received information from a confidential informer that the informer had personally observed heroin in the subject residence during the period of January 25, 1974 through February 7, 1974, during which period the informer had been at the residence on two different occasions and on each occasion had purchased heroin. The affidavit further recited that the detective believed that the information given him by the informer was true and correct and that the informer was familiar with heroin and had identified heroin in the detective's presence; and further that the informer was a reputable member of the community, had demonstrated an interest in good law enforcement, was gainfully employed and had received training in the identification of drugs.
The sole point for our consideration is the sufficiency of the affidavit. The defendant below, appellee here, convinced the trial judge that in order for an affidavit to be a sufficient basis for the issuance of a warrant to search a residence the affiant must recite some circumstances of his own personal knowledge supportive of the issuance of the warrant other than information received from a confidential informer. In so holding the trial judge relied upon a decision of our sister court of the Third District, Wolff v. State, Fla. App.3rd 1974, 291 So.2d 15.
In Treverrow v. State, Fla.App.1st 1966, 184 So.2d 473, this Court stated:
"Appellant insists that the search warrant was not properly issued since it was based solely upon hearsay evidence, or stated another way, that some circumstances other than information received from a confidential informer are necessary to support an affidavit for a search warrant. * * *" (184 So.2d at pages 473 and 474)
Responding to the contention above quoted, Chief Judge Rawls, writing for the Court, carefully considered numerous decisions, including those of the Supreme Court of the United States, concluding that the warrant was properly issued and that the appellant's contention was without merit. The Supreme Court of Florida, after careful consideration, denied certiorari, with opinion. (Treverrow v. State, Sup.Ct.Fla. 1967, 194 So.2d 250)
We have not overlooked the apparent basis of the Wolff decision distinguishing between warrants for the search of private dwellings as distinguished from other premises, but we prefer to adhere to our holding in Treverrow v. State, supra. (See also Paula v. State, Fla.App.2nd 1966, 188 So.2d 388; State v. Lewis, Fla.App. 2nd 1969, 225 So.2d 170; State v. Smith, Sup.Ct.Fla. 1970, 233 So.2d 396 and State v. Coryell, Fla.App.2nd 1971, 247 So.2d 87)
Appellee urges that even if we do not agree with the Wolff case we should nevertheless affirm because, he contends, the affidavit "is totally insufficient on its face to warrant a finding of probable cause for issuance of a search warrant." In other words, appellee says that even if the trial judge based his ruling on an incorrect concept of the law nevertheless his conclusion was correct and we should affirm. We agree with that contention: However, we do not agree that the affidavit was insufficient. Our examination reveals that it contained all of the requisites to the issuance of a valid warrant.
The order of suppression here appealed is, accordingly, reversed and this case is remanded for further proceedings consistent herewith.
RAWLS, C.J., and BOYER and McCORD, JJ., concur.