301 So.2d 810 (1974)
STATE of Florida, Appellant,
v.
William COMPTON, Appellee.
STATE of Florida, Appellant,
v.
Robin FRANKLIN, Appellee.
Nos. 74-15 to 74-18.
District Court of Appeal of Florida, Second District.
October 23, 1974.
Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State's Atty., and Xavier J. Fernandez, Asst. State's Atty., Fort Myers, for appellant.
Patrick E. Geraghty and Albert M. Frierson, Fort Myers, for appellees.
BOARDMAN, Judge.
An agent of the Lee County Sheriff's Department appeared before County Judge David L. Orosz and presented an affidavit for a search warrant. The affidavit stated, inter alia:
The affiant has received information from a trustworthy confidential informant, that said informant has been in the above described dwelling and has seen Cannabis sativa, commonly known as Marihuana (sic). Said informant has seen said Marihuana (sic) within the past ten days. The affiant has received information from said confidential informant in the past and the information so received has been proven true and correct, therefore said informant has proven to be reliable and trustworthy.
Judge Orosz ordered the warrant issued and the following day agents of the sheriff's department executed the warrant. As a result, the appellees were arrested for *811 possession of dangerous drug paraphernalia, possession of a controlled substance, to wit: amphetamines, and possession with intent to sell a controlled substance, to wit: marijuana. Subsequently, both appellees were charged by informations with possession of a controlled substance.
The appellees moved to compel disclosure of the identity of the confidential informant and also moved to suppress the evidence obtained in the search. Circuit Judge William Lamar Rose granted the motions and these timely appeals followed.
Upon joint motion for consolidation filed here by counsel for the respective parties, the cases were consolidated for appeal purposes by order of this court.
The standards for affidavits in support of search warrants are set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The requirements of Aguilar, supra, and Spinelli, supra, were recognized as controlling in Florida in State v. Smith, Fla. 1970, 233 So.2d 396. There can be no question but that probable cause is a mandatory prerequisite to the issuance of any warrant.[1]
It is vigorously asserted by counsel for appellees that the affidavit upon which the search warrant was issued was insufficient as not meeting the established standards in the case previously cited. We disagree. A reading of the said affidavit leads us to the conclusion that the test prescribed in Spinelli, supra, has been satisfied. The allegation, clearly recited in the affidavit, that the confidential informant is a trustworthy one is supported by the other allegations therein that affiant had received information in the past from this source which had proven to be reliable and trustworthy. Further the affidavit reveals that the informant had related to the affiant that he had been in the premises and had seen marijuana therein within ten days from the date the affidavit was executed.
As was said in State v. Lewis, Fla.App. 2nd, 1969, 225 So.2d 170, 171:
... There is no doubt that a reasonable man, when confronted with the above factual allegations, would conclude that probable cause existed to support issuance of the search warrant.
Accordingly, we find that the trial judge erred in granting appellees' motion to suppress the evidence and find that sufficient facts were alleged in the affidavit for issuance of the search warrant to sustain the county judge's finding of probable cause.
The appellees moved for the entry of an order compelling the disclosure of the identity of the confidential informant. They based their request on the contention that "... [i]n order for Defendant to determine whether or not the Search Warrant was issued on probable cause it is necessary that Defendant's counsel be allowed to depose said confidential informant." After hearing, the trial judge entered an order allowing the appellees to take the deposition of the confidential informant in the privacy of the court reporter's office, Lee County Courthouse, Ft. Myers.
In an effort to establish an exception, the appellees place their reliance on the law pronounced in Spataro v. State, Fla.App.2nd, 1965, 179 So.2d 873. The case sub judice and the last cited case are opposite factually. In Spataro, supra, it is noted that the defendants, upon motion of the state, were tried separately and subsequently one of the defendants testified as a witness for the state. She testified that the marijuana did not belong to her and that she had not seen it prior to its discovery during the search. The searched premises had been occupied by both of the defendants. In view of the fact that the occupants of the premises searched presented mutually exclusive versions of *812 who possessed the contraband, the testimony of the confidential informant, under those factual circumstances, became crucial to the defense in order to establish which version, if any, was true. Such is not the case here. The defendants are to be tried together and a defense of possession by the other has not been set forth by either.
The factual situation presented in Spataro, supra, has not developed at this stage of the proceedings. Indeed it may never develop. For the above stated reason we deem it error for the trial judge to have ordered the state to disclose the identity of the confidential informant. The necessity for such disclosure is at best speculative.
Reversed and remanded.
HOBSON, Acting C.J., concurs.
MANN, J. (Ret.), concurs in part and dissents in part, with opinion.
MANN, Judge (Ret.) (concurring in part, dissenting in part).
I concur in that portion of Judge Boardman's analysis which treats the matter of disclosure of a confidential informant's identity. I would agree with the majority's view of the sufficiency of the affidavit if the affidavit said what Judge Boardman says it said. His opinion asserts that "the affidavit reveals that the informant had related to the affiant that he had been in the premises and had been marijuana therein within ten days from the date the affidavit was executed." (Emphasis added) The affidavit states only that the informant had seen marijuana within the past ten days. At the argument of this case the State Attorney candidly admitted that these affidavits were prepared with a view toward asserting no more than minimally necessary. There is an essential balancing of interests required where a confidential informant is used and I agree that in normal circumstances his identity should not be disclosed. However, the affidavit should be of such a character that if any fact stated therein is false, a charge of perjury can be proved. Let us suppose now that a reliable confidential informant said precisely what he is alleged to have said in this case and that it was later discovered that he had seen marijuana not in the premises sought to be searched but elsewhere and had so advised the affiant who omitted this fact from the affidavit. How then could the bare statement contained in this affidavit be described as perjury? It would constitute the most dangerous sort of deceit but it would not be perjury. By approving the affidavit in this case we have left the door open to deception and trickery which do not afford the necessary safeguards which are essential if affidavits relating what confidential informants have told are to be used as the basis of search warrants. The word "therein" does not appear anywhere in this affidavit.
We were also advised that the requirement of recent observation noted in Hamelmann v. State, Fla.App.1st 1959, 113 So.2d 394, is satisifed in this instance. I also question the sufficiency of this affidavit to show any reasonable expectation that marijuana was within the premises at the time stated and would explore this reservation further if it did not seem to me that the affidavit is fundamentally defective in failing to allege that the informant had seen marijuana within the searched premises.
I would reverse and remand with instructions to suppress the evidence seized.
NOTES
[1] See also Sections 933.04, 933.18, Florida Statutes.