307 So.2d 454 (1975)
STATE of Florida, Appellant,
v.
Margie E. CRISP, Appellee.
No. 74-1719.
District Court of Appeal of Florida, Fourth District.
February 7, 1975.
Philip S. Shailer, State's Atty., and Jon H. Gutmacher, Asst. State's Atty., Fort Lauderdale, for appellant.
Warner S. Olds, Public Defender, and William W. Herring, Asst. Public Defender, and Neil G. Frank, Legal Intern, Fort Lauderdale, for appellee.
WALDEN, Judge.
The trial court granted the defendant's motion to suppress. The state appeals. We reverse and remand.
At issue is the adequacy of the affidavit upon which the search warrant was based.
Shall we follow Wolff v. State, 291 So.2d 15 (3d D.C.A.Fla. 1974), as did the trial court, or shall we follow State v. Middleton, 302 So.2d 144 (1st D.C.A.Fla. 1974), or shall we choose yet some other route? We choose the precedent of Middleton as representing the correct and more preferable position.
The affidavit before us was based totally on hearsay  what was told to the affiant. He had the report of the crime, plus information furnished by a confidential informant, plus information and corroboration furnished by a fellow police officer.
Wolff holds that a stricter rule applies to a private dwelling with reference to search warrant affidavits. It requires that the affiant, himself, be the creditable witness and that the affiant be the one who has personal knowledge of the facts. The instant affidavit is insufficient under the Wolff criteria.
Middleton takes the opposite tack and does not require that the affidavit be based on the personal knowledge of the affiant. Under its criteria the affidavit before us is clearly sufficient.
We reverse upon authority of State v. Middleton, supra, and Paula v. State, 188 So.2d 388 (2d D.C.A.Fla. 1966), see State v. Compton, 301 So.2d 810 (2d D.C.A.Fla. 1974), contra Wolff v. State, 291 So.2d 15 (3d D.C.A.Fla. 1974).
Defendant asks that, if we reject Wolff and reverse, this court remand for a further *455 hearing to determine if the items seized were described with sufficient particularity and to determine whether the affidavit was properly incorporated into the search warrant. Upon examination, we feel that this suggestion is without merit and that the descriptions and incorporation were adequate.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.