DOWNEY, Judge.
This is an interlocutory appeal by the state from an order of the trial court granting a motion to suppress evidence seized pursuant to a search warrant authorizing a search of appellee’s private dwelling.
Appellee, as defendant below, attacked the affidavit upon which the search warrant was issued on the ground that an affidavit for issuance of a search warrant for a private dwelling pursuant to § 933.18, F.S.1973, must be based upon the personal knowledge of the affiant. Appellee relied upon Wolff v. State, Fla.App.1974, 291 So.2d 15, and the trial judge, though disagreeing in principle, felt obligated to follow that decision of the Third District Court of Appeal.
This court declined to follow the Wolff case in State v. Crisp, 307 So.2d 454, opinion filed February 7, 1975, as did the First District Court of Appeal in State v. Middleton, Fla.App. 1974, 302 So.2d 144. Unfortunately, neither of said decisions was *456 available to the trial judge when he entered the order which is the subject of this appeal.
We find the statements contained in the affidavit in this case more than adequate. It sets forth information obtained from a confidential informant, including the facts observed by the informant, together with facts demonstrating the informant’s reliability. Thus, the affidavit satisfied the requirements set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and State v. Smith, Fla.1970, 233 So.2d 396. In addition, the affidavit also sets forth facts describing a “controlled buy” set up by the affiant and the confidential informant, which facts are certainly within the personal knowledge of the affiant.
Accordingly, the order appealed from is reversed, and the cause is remanded for further proceedings.
OWEN, C. J., and MAGER, J., concur.