310 So.2d 729 (1975)
STATE of Florida, Petitioner,
v.
Robert Miller WOLFF, Jr., Respondent.
No. 45447.
Supreme Court of Florida.
February 26, 1975.
Rehearing Denied April 30, 1975.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for petitioner.
Robert S. Appleton of Appleton & Ernst, P.A., Marathon, for respondent.
OVERTON, Justice.
This cause is before us on petition for writ of certiorari to the Third District *730 Court of Appeal. That court construed Section 933.18, Florida Statutes, to require that "the creditable witness must himself ... be the one who knows the facts" in an affidavit supporting a search warrant for a private dwelling. Wolff v. State, 291 So.2d 15, 17 (Fla.App.3d 1974). This construction effectively prohibits the use of hearsay evidence, including information from a reliable informant, to establish probable cause for the issuance of a search warrant of a dwelling. Conflict is alleged with our holding in State v. Smith, 233 So.2d 396 (Fla. 1970), as well as District Court holdings in State v. Katz, 295 So.2d 356 (Fla.App. 4th 1974), and Paula v. State, 188 So.2d 388 (Fla.App.2d 1966). There is clear and direct conflict between the Third District's holding and the recent decision in State v. Compton, 301 So.2d 810 (Fla.App.2d 1974).[1] We have jurisdiction pursuant to Florida Constitution, Article V, Section 3(b)(3).
We hold the restrictive construction by the Third District Court was neither intended by our legislature in adopting Section 933.18, Florida Statutes, nor constitutionally required by this Court or by the United States Supreme Court, and must therefore be reversed.
The following are the circumstances material to the issuance of the search warrant in this cause. A City of Miami police officer went to Monroe County and made an affidavit before an appropriate judicial officer. The affidavit contained the following allegations to support the search of a dwelling in Monroe County:
"`That on December 8, 1972, in the afternoon hours your affiant purchased five bags of heroin for one hundred dollars in the living room of number seven Man-O-War road, Marathon, Monroe County Florida, from a white male who was at the time a guest of Doctor Robert M. Wolff Jr.
"`That on December 19, 1972 a confidential informant of your affiant who has proven himself to be reliable on at least seven previous occasions told your affiant that in the evening hours of December 18, 1972 while the confidential inforamount [sic] was visiting the residence of Doctor Robert M. Wolff Jr. at number seven, Man-O-War road, Marathon, Monroe County Florida, the informant observed Doctor Robert M. Wolff Jr., and approximatly [sic] five guests smoking marijuana and also observed approxamatly [sic] two ounces of marijuana in the living room at that time.
"`That on December 19, 1972 the same confidential informant also stated to your affiant that the informant had a conversation in the evening hours of December 19, 1972 with Doctor Robert M. Wolff Jr., at number seven, Man-O-War road, Marathon, Monroe County Florida, in which Doctor Robert M. Wolff Jr. stated to the informant that he needed some more cocaine but that he still had some cocaine in his possession.'" 291 So.2d at 16.
In summary, the affidavit reflects that (1) the affiant had personal knowledge concerning the purchase of five bags of heroin from a guest of the defendant in the dwelling which was the subject of the search; and (2) an informant whose proven reliability had been established on seven previous occasions had (a) observed the defendant smoking marijuana on a specific date in the subject dwelling and had reported this fact to the affiant; and (b) been told by the defendant that he, the defendant, had cocaine in his possession. A search warrant was issued, and a search of the premises uncovered various drugs and drug paraphernalia. The defendant moved to suppress the evidence before the trial court. This motion was denied, and the defendant was thereafter tried and found *731 guilty by a jury on five drug offense counts.
The conditions under which a search warrant may be issued for a private dwelling are set forth in Section 933.18, Florida Statutes, which provides:
"When warrant may be issued for search of private dwelling.  No search warrant shall issue under this chapter or under any other law of this state to search any private dwelling occupied as such unless:
"(1) It is being used for the unlawful sale, possession, or manufacture of intoxicating liquor;
"(2) Stolen or embezzled property is contained therein;
"(3) It is being used to carry on gambling;
"(4) It is being used to perpetrate frauds and swindles;
"(5) The law relating to narcotics or drug abuse is being violated therein;
"(6) A weapon, instrumentality, or means by which a felony has been committed is contained therein; or
"(7) Unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel or boarding or lodging house.
"The term `private dwelling' shall be construed to include the room or rooms used and occupied, not transiently but solely as a residence, in an apartment house, hotel, boardinghouse, or lodging house. No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based." [Emphasis supplied]
The Third District Court of Appeal reversed the trial court and held the affidavit insufficient as a matter of law to support the search of a private dwelling. The court stated:
"... [I]n the case of a private dwelling the affidavit must be made by the `creditable witness that he has reason ...', and that the affidavit of the witness `shall set forth the facts'."
291 So.2d at 16.
The court contrasted that provision with the statutory section applicable to all search warrant affidavits, specifically Section 933.06, Florida Statutes, and concluded:
"Therefore, the only way to give effect to both statutes is to hold that section 933.18 applying to private dwellings requires the stricter rule that the creditable witness must himself make the affidavit and must be the one who knows the facts. ..." [Emphasis supplied] 291 So.2d at 17.
It is our opinion that the District Court emphasized the words "creditable witness" out of context. These words must be construed together with the remaining provisions of the statute. The critical words of Section 933.18, Florida Statutes, provide that a search warrant may be issued only:
"... [O]n sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based." [Emphasis supplied]
The statute requires that the witness have "reason to believe" and that the affidavit "set forth the facts on which such reason for belief is based." The statute does not require the creditable witness to "have knowledge" or "know that the conditions exist." If it did, then the construction requiring direct knowledge of the facts *732 would be appropriate. The phrase "has reason to believe" clearly authorizes the use of reliable, hearsay information as part of the facts sufficient to establish probable cause to issue a search warrant for a dwelling. This holding is not in any way contrary to Cooper v. State, 106 Fla. 254, 143 So. 217 (1932). Cooper was concerned with the lack of facts in the affidavit, particularly that the assertions were only conclusions. We adhere to our holding in Cooper, which conforms to the United States Supreme Court's subsequent holdings in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); and Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933), that specific facts must be set forth to justify a finding of probable cause to issue a search warrant, but that holding does not mean that those facts cannot be based on hearsay information. When we say specific facts, we mean the time, the place, and the occurrence.
The creditability of a witness is a factual determination to be made for each witness in every case. The term "creditable witness" as used in Section 933.18, Florida Statutes, requires the judicial officer issuing the search warrant to evaluate the truthfulness and integrity of the person making the affidavit. Clearly, the term does not in and of itself establish what type of evidence is creditable.
Black's Law Dictionary, Revised Fourth Edition (1968), defines credible witness as: "One who is competent to give evidence; also one who is worthy of belief." Ballantine's Law Dictionary, Third Edition (1969), defines a credible witness as: "A competent witness who is worthy of belief." The term is used in statutes setting the requirements for the execution of wills, and cases construing those statutes have stated that it means "a competent witness." See the numerous cases cited in 10 Words and Phrases 548-52. One court, in considering the term as used in a jury instruction, has said that when the creditability of a witness is spoken of, it refers only to his integrity and to the fact that he is worthy of belief. The court went on to say that the term does not imply that he has intelligence, or knowledge, or opportunity for knowledge of the particular facts in the case. Madden v. Saylor Coal Co., 133 Iowa 699, 111 N.W. 57 (1907).
We find that the term as used in Section 933.18, Florida Statutes, refers only to the truthfulness and integrity of the witness making the affidavit. We do not agree that the use of the term "creditable witness" in Section 933.18, Florida Statutes, meaningfully distinguishes that statute from Section 933.06, Florida Statutes. An affiant for any search warrant must be a creditable witness. In this regard, it is interesting to note that even though the wording of Section 933.18 has remained substantially the same for over fifty years, the construction and interpretation urged by the Third District have never previously been adopted by this or any other Florida appellate court.
Before issuing a search warrant, an issuing magistrate must make three distinct determinations. He must evaluate (1) the truthfulness and integrity of the witness before him; (2) the reliability of the source of the hearsay information, if any; and (3) the adequacy of the factual premises furnished from all sources to support the validity of the conclusion. In the first instance, he is judging the honesty, integrity, and truthfulness of the person before him. In the second instance, he is judging from the facts of prior actions the reliability and trustworthiness of a nonswearing informant. In the third instance, he is judging the reason and logic of the proposition to reach its ultimate conclusion. These are each distinct functions. They include the so-called two-pronged test contained in Aguilar v. Texas, supra, as explained in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 *733 (1969). Clearly, an affidavit for a search warrant of a dwelling may be constitutionally based on hearsay information and need not reflect the direct personal observations of the affiant. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
It is contended that the affiant cannot be responsible for the truth or falsity of statements made by an informer and, therefore, the affidavit must fail under the authority of Cooper v. State, supra. We disagree. The affiant is responsible for the truth or falsity of his statements. True, he may not be held responsible for the factual information given him by the reliable informant, but the affiant is responsible for the fact that there is an actual informant, for the truth of the circumstances that establish the informant's reliability, and for the truth of the assertion that the informant conveyed the information to him. It may also be asserted that there is no way to make an inquiry to determine the truth of those matters for which the affiant may properly be held responsible. Again, we disagree. Trial courts have the authority, under our discovery rules and their inherent power, to determine whether an informant actually exists. Specifically, the rules provide a means whereby the informant can be examined in camera if it is shown to be necessary in order to protect the constitutional rights of an accused. See Florida Rules of Criminal Procedure 3.220(c)(2), (i).
In conclusion, we reiterate that nothing in the language of Section 933.18, Florida Statutes, or prior case law prohibits the use of hearsay testimony by a reliable informant to establish probable cause for the search of a private dwelling.
The affidavit in the instant case states with specificity several of the underlying circumstances relied on by the affiant, including the date and time he had personally observed a drug-related offense in the defendant's domicile. The facts disclosed by the informant were set out with specificity and his reliability was established by past actions. The magistrate determined that (1) the affiant was truthful; (2) the informant was reliable; and (3) there was probable cause to believe upon the facts presented that there were unlawful drugs in the subject dwelling. The issuance of the search warrant under these circumstances was proper.
No prejudicial error having been demonstrated by the denial of respondent's motion to suppress the evidence seized under the warrant, the judgment of the District Court is hereby quashed. This cause is remanded to the District Court for further proceedings not inconsistent with this opinion.
It is so ordered.
BOYD, DEKLE and ERVIN (Retired), JJ., concur.
ADKINS, C.J., and ROBERTS and McCAIN, JJ., dissent.
NOTES
[1] The Second District Court's decision in Compton was rendered on October 23, 1974, subsequent to oral argument before this Court by the parties in the instant case.