GRIMES, Judge.
The lower court granted Jones’ motion to suppress contraband seized during the search of a private dwelling pursuant to a search warrant. Relying on Wolff v. State, Fla.App. 3d, 1974, 291 So.2d 15, the trial judge concluded that the affidavit supporting the warrant was insufficient in that it was based primarily on what an informant had told the affiant. In Wolff, the Third District construed Fla.Stat. § 933.18 to require that the affiant have first-hand knowledge of the facts constituting probable cause before a warrant can issue for the search of a private dwelling.
Our Supreme Court has now reversed the Third District in State v. Wolff, Fla.1975, 310 So.2d 729 (1975), concluding that “an affidavit for a search warrant of a dwelling may be constitutionally based on hearsay information and need not reflect the direct personal observations of the affiant.” While premised in large part on hearsay, the affidavit for the search warrant in the case sub judice meets the constitutional standards prescribed in Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.
The order granting the motion to suppress is reversed. The cause is remanded for consideration of the other grounds of Jones motion and such further proceedings as may be appropriate.
Reversed and remanded,
McNULTY, C. J., and SIDWELL, BENJAMIN C., Associate Judge, concur.