HOBSON, Acting Chief Judge.
The State appeals interlocutory orders granting Henderson’s motions to suppress evidence.
*525 Henderson was charged by two informa-tions with receiving and concealing stolen property and possession of burglarious tools as a result of property seized in a search of his home. The property was seized pursuant to a search warrant based upon an affidavit in which affiant stated his reasons for believing the laws were being violated on the described premises as follows:
“Affiant’s reasons for this belief are that on November 25th, 1974, he had occasion to interview Gail Lord Henderson, the wife of the previously mentioned William Wade Henderson, and she related to your Affiant that on the 25th of November, 1974, she observed at the above described premises items of stolen property to-wit: A carrying case with zippers bearing the name Charlotte Williams upon the outside and within the case were watches, bracelets, and other items of jewelry. Your Affiant verified that Charlotte Williams was a victim of a burglary to her motel room at The Hilton Motel, 4711 Gulf of Mexico Drive, Longboat Key, Florida, November 17, 1974. Your Affiant contacted Charlotte Williams who stated that stolen as a result of the above mentioned burglary was a blue leather pouch with three zipper compartments, which bore on the outside in gold block style letters her name to-wit: Charlotte Williams. . . .”
The affidavit then stated that Charlotte Williams particularly described the jewelry contained in the pouch, which description was included in the affidavit.
Affiant appeared before the issuing magistrate and swore to the allegations contained in his affidavit, stating the facts on which he based his reason for believing that the law was being violated in the premises. He also told the magistrate that Mrs. Henderson appeared at his office and told him that she had been involved in cashing checks taken in burglaries by Mr. Henderson.
At the hearing on the motion to suppress, affiant stated, that Mrs. Henderson told him she was in fact married to William Wade Henderson, although she did not present any positive proof of her identity.
The trial court granted the motion to suppress, relying on Wolff v. State,[1] Fla.App.3d 1974, 291 So.2d 15, which held that a search warrant for a private dwelling could not be based on hearsay information.
The State petitioned for a rehearing, pointing out to the trial judge that this court, in State v. Compton, Fla.App.2d 1974, 301 So.2d 810, had held that an affidavit based upon hearsay information was sufficient for issuance of a search warrant. The trial judge concluded that Compton was controlling as to hearsay information, but denied the petition, noting that in Compton the informant had proven himself to be reliable and trustworthy; whereas in this case the officer had talked to the wife of appellee, but admitted under oath that he did not inquire or receive any absolute identity, did not know her, and had no idea of her trustworthiness and reliability.
In State v. Wolff, Fla.1975, 310 So.2d 729, the Supreme Court said that before issuing a search warrant an issuing magistrate must evaluate the reliability of the hearsay information, if any. In the case sub judice the issuing magistrate examined affiant under oath and determined the facts as alleged did exist. Affiant did independent police work and corroborated the information given by the informant, at least to the extent that the stolen property observed by the informant on the premises and particularly described by the informant, was the subject of a burglary. ' See Findlay v. State, Fla.1975, 316 So.2d 33. This was sufficient, for the magistrate to *526 determine that the named informant was reliable. Additionally, the inculpatory statements of the informant strengthened her credibility. State v. Patterson, Fla.App.2d 1975, 309 So.2d 555.
The orders appealed are reversed and the causes remanded for further proceedings.
Reversed and remanded.
BOARDMAN and SCHEB, JJ., concur.

. The holding in Wolff has since been reversed by the Supreme Court. State v. Wolff, Fla.1975, 310 So.2d 729.