346 So.2d 141 (1977)
Raymond Eugene DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. CC-310.
District Court of Appeal of Florida, First District.
May 27, 1977.
Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant pled nolo contendere to a charge of possession of more than five grams of marijuana reserving his right to appeal the court's denial of his motion to suppress evidence. He appeals the judgment and sentence. We reverse.
The motion to suppress alleges that the affidavit in support of the search warrant was defective because although it alleged that the confidential informant who supplied the information on which the state relied for issuance of the warrant was reliable, there was no underlying factual information stated in the affidavit supporting his reliability. At the hearing, the attorneys for appellant and the state stipulated that the only issue before the court related solely to the allegations contained in the *142 affidavit. The affidavit stated the facts tending to establish the grounds for application for search warrant and the probable cause of the affiant believing such facts to exist as follows:
"Heretofore and within the past ten days an informant known by your affiant to be a reliable person was at the above described premises and physically saw a large quantity of marijuana being kept and used on the above described premises. The informant knows marijuana by sight and knows the smell of marijuana and advised your affiant that marijuana was being kept and used on the premises. Your affiant therefore has reason to believe that marijuana is now being kept and used on the above described premises." (Emphasis supplied.)
In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the United States Supreme Court established a "two-pronged" test for the sufficiency of affidavits for search warrants relying on information obtained from an informant. That test requires first that affiant state how the informer gained his information so that the magistrate can determine if the underlying circumstances justify a conclusion that probable cause for a search exists. Secondly, the magistrate must be provided with the reasons from which the affiant concludes the informant is reliable. The above quoted affidavit does not meet the test. It does not give the magistrate any facts or reasons to support the affiant's conclusion that the informant was known by him to be a reliable person.
In Spinelli the United States Supreme Court said:
"In Aguilar, a search warrant had issued upon an affidavit of police officers who swore only that they had `received reliable information from a credible person and do believe' that narcotics were being illegally stored on the described premises. While recognizing that the constitutional requirement of probable cause can be satisfied by hearsay information, this Court held the affidavit inadequate for two reasons. First, the application failed to set forth any of the `underlying circumstances' necessary to enable the magistrate independently to judge of the validity of the informant's conclusion that the narcotics were where he said they were. Second, the affiant-officers did not attempt to support their claim that their informant was `"credible" or his information "reliable."'
* * * * * *

Aguilar is relevant at this stage of the inquiry as well because the tests it establishes were designed to implement the long-standing principle that probable cause must be determined by a `neutral and detached magistrate,' and not by `the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436, 440 (1948).
* * * * * *
Applying these principles to the present case, we first consider the weight to be given the informer's tip when it is considered apart from the rest of the affidavit. It is clear that a Commissioner could not credit it without abdicating his constitutional function. Though the affiant swore that his confidant was `reliable,' he offered the magistrate no reason in support of his conclusion."
Florida courts have recognized certain factors which establish reliability but none of these factors are present in the affidavit in the case sub judice. Reliability may be established by a recital of facts showing why the affiant considers the informant reliable. See State v. Middleton, 302 So.2d 144 (Fla. 1 DCA 1974), and State v. Niles, 307 So.2d 455 (Fla. 4 DCA 1975). Reliability may be established by detailed information contained in the affidavit. See Reed v. State, 267 So.2d 70 (Fla. 1972). A statement against penal interest may contribute to reliability. See State v. Jacobs, 320 So.2d 45 (Fla. 2 DCA 1975), and State v. Patterson, 309 So.2d 555 (Fla. 2 DCA 1975). Also reliability may be established by corroboration from an independent source. *143 See Findlay v. State, 316 So.2d 33 (Fla. 1975), and State v. Henderson, 318 So.2d 524 (Fla. 2 DCA 1975).
Reversed and remanded with directions to vacate the order denying appellant's motion to suppress the evidence and to grant same.
RAWLS, Acting C.J., and SMITH, J., concur.