OTT, Judge.
Appellant pled nolo contendere to a charge of possession of more than five grams of marijuana. He specifically reserved his right to appeal the court’s denial of his two motions to suppress evidence. He contends that the affidavit in support of the search warrant was defective. We agree and reverse.
The confidential informant was described in the affidavit as a “reliable and trustworthy confidential informer. . There were no further allegations or facts supporting such a conclusion.
In Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977), the First District Court of Appeal found an affidavit to be defective. With reference to the reliability of the confidential informant, the affidavit therein described him only as “an informant known by your affiant to be a reliable person . .” 346 So.2d at 142. This affidavit was deemed to be defective “because although it alleged that the confidential informant who supplied the information on which the state relied for issuance of the warrant was reliable, there was no underlying factual information stated in the affidavit supporting his reliability.” 346 So.2d at 141.
The Davis court held that the affidavit therein did not meet the second part of the two-part test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) as explained in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). One of the requirements is that the magistrate be provided with the factual basis upon which the affi-ant concludes the informant is reliable. The issuing magistrate cannot otherwise judicially determine probable cause for issuance of the writ.
Moreover, in State v. Wolff, 310 So.2d 729, 732 (Fla.1975) the supreme court set down the “three distinct determinations” which an issuing magistrate must make before issuing a search warrant. The court stated:
He must evaluate (1) the truthfulness and integrity of the witness before him; (2) the reliability of the source of the hearsay information, if any; (3) the adequacy of the factual premises furnished from all sources to support the validity of the conclusion.
With reference to the second determination, the court noted that the magistrate “is judging from the facts of prior actions the reliability and trustworthiness of a non-swearing informant.” 310 So.2d at 732.
The state’s reliance on State v. Compton, 301 So.2d 810 (Fla. 2d DCA 1974) for the proposition that Florida courts have upheld search warrants based upon the simple assertion that an affiant consider his confidential informant to be reliable is without merit. On the contrary, the affidavit in Compton contained much more than such a “simple assertion.” Present were other allegations in the affidavit that the affiant had received information in the past from this particular source which had proven to be reliable and trustworthy.
Reversed and remanded for entry of an order granting defendant’s Motion to Suppress and affording the defendant the opportunity to withdraw his plea of nolo con-tendere.
HOBSON, Acting C. J., and SCHEB, J., concur.