STARNES, HUGH E., Associate Judge.
The State appeals the suppression by the trial court of evidence seized pursuant to a search warrant. The affidavit on which the warrant was based stated (in part) as follows:
YOUR AFFIANT OFFERS THE FOLLOWING TO SHOW THE TRUSTWORTHINESS AND RELIABILITY OF THE SAID CONFIDENTIAL INFORMANT:
1. YOUR AFFIANT PERSONALLY ACCOMPANIED CONFIDENTIAL *293 INFORMANT 78-507 TO THE RESIDENCE DESCRIBED IN EXHIBIT “A” AND CONFIDENTIAL INFORMANT 78-507 POINTED OUT THE RESIDENCE AS THE RESIDENCE AS THE RESIDENCE OF A WHITE MALE “JEFF” CASSATT AND A WHITE FEMALE “MADELYN JOHNSON”.
2. YOUR AFFIANT HAS BEEN PERSONALLY ACQUAINTED WITH CONFIDENTIAL INFORMANT 78-507 FOR APPROXIMATELY ONE (1) WEEK AND INFORMATION PROVIDED BY SAID CONFIDENTIAL INFORMANT 78-506 WAS FOUND TO BE TRUE AND CORRECT.
3. CONFIDENTIAL INFORMANT 78-507 IS FAMILIAR WITH MARIJUANA AND CAN READILY RECOGNIZE IT IN ITS VARIOUS FORMS.
4. YOUR AFFIANT, THROUGH INDEPENDENT INVESTIGATION OF UTILITY RECORDS FOUND THAT THE AFOREMENTIONED RESIDENCE WAS OCCUPIED BY ONE WHITE MALE “JEFF CASSATT” AND ONE WHITE FEMALE “MADELYN JOHNSON”.
5. THE IDENTITY OF THE CONFI-' DENTIAL INFORMANT IS BEING WITHHELD AT THIS TIME BUT WILL BE REVEALED TO THE JUDGE ISSUING THIS WARRANT IF NEED BE.
6. YOUR AFFIANT THROUGH INDEPENDENT INVESTIGATION OF HILLSBOROUGH COUNTY SHERIFF’S OFFICE RECORDS DISCOVERED THAT WHITE MALE JEFF CASSATT WAS ARRESTED ON 12 MARCH 1978 FOR DELIVERY AND POSSESSION OF A FELONY AMOUNT OF MARIJUANA.
7. YOUR AFFIANT THROUGH INDEPENDENT INVESTIGATION OF HILLSBOROUGH COUNTY SHERIFF’S OFFICE RECORDS DETERMINED THAT AT THE TIME OF JEFF CASSATT’S ARREST HE WAS RESIDING WITH A WHITE FEMALE MADELYN I. JOHNSON.
8.THAT CONFIDENTIAL INFORMANT 507 HAS GIVEN INFORMATION TO OTHER DEPUTIES OF THE HILLSBOROUGH COUNTY SHERIFF’S OFFICE WHICH HAS BEEN PROVEN TO BE TRUE AND CORRECT.
The primary ground of the motion to suppress was that there were not sufficient allegations of fact to show why the confidential informant was reliable in the past, and that part of the allegations of the affidavit were based upon the use of the informant by other deputy sheriffs who had found him to be reliable.
The affidavit is sufficient to establish the reliability of the confidential informant. The affidavit alleges the affiant knew and received reliable information from the informant in the past and the affiant through an investigation of named sources of information was able to obtain facts tending to corroborate the information presented by the confidential informant. The affidavit in this case exceeds the supporting information which was found sufficient in State v. Compton, 301 So.2d 810 (Fla.2d DCA 1974). In Compton the mere statement that the informant had provided information in the past to the affiant which proved reliable was found sufficient to establish reliability before the committing magistrate.
REVERSED and REMANDED.
HOBSON, A. C. J., and OTT, J., concur.