DAUKSCH, Judge,
dissenting:
The appellant was placed on probation after his plea of nolo contendere was entered to the charges of felony possession of marijuana and possession of narcotics paraphernalia. The appeal was properly taken from the conviction and the order placing appellant on probation.
It is axiomatic a search warrant must not be issued unless probable cause for its issuance exists and the substance of the probable cause is set out under oath before the magistrate who issues the warrant. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Rowe v. State, 355 So.2d 826 (Fla. 1st DCA 1978); Weisberg v. State, 348 So.2d 385 (Fla. 2d DCA 1977); State v. Gieseke, 328 So.2d 16 (Fla.1976). In this case there is a search warrant which appears minimally sufficient on its face. That is, there are enough facts to support the finding of probable cause to believe there was an illegal drug contained in the house trailer to be searched. Following is quoted the affidavit which formed the basis for the issuance of the warrant:
1. Affiant is employed by the Fort Pierce Police Department, for whom he has worked for the past seven (7) months, and is a Bonded Deputy of St. Lucie County for the past five (5) months.
2. Affiant has supervised and conducted an investigation into the sale and possession of controlled substance and/or paraphernalia to wit: CANNABIS SATIVA L, which was sold to a reliable confidential informant working with the Fort Pierce Police Department Vice Squad within the past seven (7) days from the date of this affidavit, and as a result of your affiant’s personal participation in the investigation and of the information directly furnished to the affiant by said confidential informant and by the reliable information gathered by the Vice Squad, your affiant has personal knowledge of the facts set forth in this affidavit.
3.Affiant, based on the facts set forth in this affidavit has probable cause to believe and does believe that there is contained in the following described dwelling and/or on the curtilage:
A trailer located in Tángelo Trailer Park, 3200 South Seventh Street, St. Lucie County, Fla., lot number 99. The trailer is located on the south east corner of the second drive off of Tángelo Terrace. After it curves in an [sic] Southerly direction. The trailer is white in color with brown trim. A Florida license plate, tag number number [sic] 24 M/H-2724, is located on the northeast side of the trailer. The front door of the trailer faces in a southeastern direction and the rear door faces in a northwestern direction. A driveway is located in both the front and rear of the trailer with the rear driveway covered by a cabana.
That contained in the above described dwelling and/or on the curtilage is controlled substances and/or paraphernalia, to wit: CANNABIS SATIVA L, in violation of the laws of the State of Florida, Florida Statute 893.13. A reliable confidential informant employed by the affi-ant has made purchases from the dwelling described above at Lot 99 of the Tángelo Trailer Park, of Cannabis Sativa L. [The affiant has observed said dwelling being used in the sale and transaction of Cannabis Sativa L, and there is now presently contained in the aforementioned dwelling Cannabis Sativa L, by his observation.! Said Confidential Informant has related to your Affiant that based on his personal observation there is *934 at this time controlled Substances to wit: CANNABIS SATIVA L, being contained in said premises.
4. The above dwelling has been under observation and surveillance for the past several weeks by the affiant.
(The brackets and underlines appear in the record provided on appeal and were evidently placed by pencil or pen by someone, probably the trial judge as will be noted.) Cut to its essentials the affidavit says the affiant has been a policeman for seven months and has been working with the vice squad and some unidentified person for the past several weeks. During the course of those weeks the policeman observed and surveilled the house trailer and he believes the trailer has some marijuana and narcotics paraphernalia in or around it. He bases this belief upon three factors. One, that this unidentified person has bought marijuana “from the dwelling”, which of course means from a person in the dwelling, and the policeman pérsonálly observed the dwelling being used in the sale of marijuana and presently observed marijuana in the dwelling.
Although there is a question about the “freshness” of his information the most critical part of this policeman’s affidavit is his having seen personally a sale of marijuana in the trailer and his own observation of the marijuana in the trailer.
If those personal observations were true then the search warrant would be based upon a sufficient affidavit. However, the policeman’s statements as to his personal observations were untrue. He said so at the hearing on the motion to suppress and the trial court implicitly found them to be untrue by treating as “surplusage” the sentence “The affiant has observed said dwelling being used in the sale and transaction of Cannabis Sativa L, and there is now presently contained in the aforementioned dwelling Cannabis Sativa L, by his observation.” Parenthetically, it is also noted that policeman also testified he “hadn’t been watching or nothing, I just kept hearing this . . . (f)rom different people on the street.” Under quite trying circumstances for the appellant’s trial lawyer he was able to develop substantial proof the policeman had not told the truth when he signed the affidavit which was prepared under the policeman’s direction by a typist.
When the untrue statements are stricken from the affidavit we must examine the remainder of the affiant’s statements to determine if probable cause to search exists. There are insufficient facts set out to support a valid search warrant. The first problem I see is the lack of previously established reliability of the unidentified person who allegedly made the drug buy. There is a substantial amount of case law which repeats the principle that a bare statement in an affidavit for a search warrant that a person is a “reliable confidential informant” is insufficient to avoid the necessity of naming the informant. If the confidentiality is to be maintained then the basis for the reliability must be set out in the affidavit and clearly show how the confidential informant had proved his past reliability. Aguilar v. Texas, supra; Spinelli v. United States, supra; Weisberg v. State, supra; Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977); see also State v. Adams, 355 So.2d 194 (Fla. 1st DCA 1978). As can readily be seen from a reading of the affidavit set out herein there was nothing to support the bare statement of reliability. The appellant’s trial counsel properly analyzed the affidavit, in this latter respect, when he said “This can be construed to mean that Detective Sciadini stayed in his Detective Bureau office and an informant came into and gave him a bag of marijuana saying ‘Here, I got this out of Lot 99 in Tángelo Trailer Park’.”
I can also fault as insubstantial the statement “The affiant has observed said dwelling being used in the sale and transaction of Cannabis Sativa L.” There is no statement as to time or circumstances sufficient to amount to support for a “probable cause” finding.
Additionally, I note the lack of any semblance of a controlled buy which is required when a search warrant affidavit is concerned. State v. Gieseke, supra; State v. *935 Lewis, 336 So.2d 395 (Fla. 4th DCA 1976); cf. State v. Heape, 369 So.2d 386 (Fla. 2nd DCA 1979). A controlled buy is one made by an informant at the direction of the police under such circumstances as to negate any contention of planting of evidence or other misconduct or untruthfulness of the informant-buyer. This warrant is not defective just because the policema.n’s statements of personal observations were untrue. It is also defective because the remaining portions of the affidavit do not amount to sufficient probable cause to believe controlled substances and narcotic paraphernalia were to be found upon execution of the search warrant. First, there is absolutely nothing in the affidavit to support a search for narcotics paraphernalia except a bald conclusory statement that the dwelling contains paraphernalia. No facts to support this statement are suggested. Second, there are no facts to establish the reliability of the confidential informer thus preventing the appellant from ever facing his real accuser (the trial judge also denied appellant’s motion to compel disclosure of the informer, but this is not raised on appeal and is not determinative, anyway). Third, there are no facts to establish that the “purchases” were of marijuana or any controlled substance only that he or she made purchases. But even if the affidavit said “marijuana purchases” there is nothing in the affidavit to show the purchases were made under the requisite controlled circumstance. Fourth, the statement of the affi-ant that the informant told him the informant had a belief there was “at this time” controlled substances is not at all sufficient because there is nothing, again, to support the reliability of the information or the factual basis for this conclusion. Perhaps further analysis of the affidavit would point out further problems but for the sake of avoiding redundancy I shall let what has been pointed out suffice.
The order denying the motion to suppress the evidence should be reversed and the order adjudicating the appellant guilty and placing him upon probation should be reversed and this cause remanded with directions to discharge the appellant.