309 So.2d 555 (1975)
STATE of Florida, Appellant,
v.
Arnold L. PATTERSON, Appellee.
No. 74-708.
District Court of Appeal of Florida, Second District.
March 26, 1975.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
James A. Gardner, Public Defender, and Robert T. Benton, II, Asst. Public Defender, Bradenton, for appellee.
McNULTY, Chief Judge.
The state appeals from an order granting a motion to suppress entered on a finding that an affidavit for search warrant was inadequate. We reverse.
*556 The charge herein is receiving and concealing stolen property with knowledge that the same had been stolen. The property seized pursuant to the search warrant, as indicated on the return thereof, consisted of:
"Two Elite speakers 24 x 10 x 10 dark brown wooden cabinets with dark brown cloth front one with white wax on back, one with brown cloth pulled loose at bottom."
The affidavit for the search warrant alleged the affiant's belief that the premises to be searched (admittedly a dwelling house) contained stolen property and it provided thereafter solely as follows:
"Affiant's reasons for this belief are that in his capacity as an officer with the St. Petersburg Public Safety agency are (sic) that he had occasion within the past 10 days to talk to one JAMES CUMMINGS, a juvenile, age 13, who advised hat he had taken a pair of Elite stereo speakers, 24" x 10" x 10" dark brown wooden cabinets, with dark brown cloth fronts, one having had its appearance altered by melted candle wax running down the back and one having the brown cloth front pulled loose along the bottom edge, said speakers being the property of one GREGORY M. LEGATE, 4143-Fourteenth Avenue South, whose home he had broken into and entered unlawfully, on the 28th of September, 1973, taking the said speakers to 1230-Fortieth Street South, the apartment of ARNOLD PATTERSON where he left them." (Italics ours.)
Relating to the issuance of a search warrant to search a dwelling house, § 933.18, F.S. 1973, provides in pertinent part as follows:
"No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some credible witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based."
The trial court construed this section to require that the affiant himself must prepare the affidavit and be personally aware of the underlying facts. This interpretation was consistent with the decision of our sister court of the Third District in Wolff v. State.[1] We summarily dispose of this aspect of the case, however, by pointing out that Wolff, supra, was most recently quashed by our supreme court on the precise point.[2]
We consider now whether the affidavit is otherwise sufficient to support the search warrant. Essentially, as to the underlying facts, the entire affidavit consists only of the inculpatory statements of a juvenile, age 13, who admitted that he had stolen the property sought, which he described in minute detail, and that he delivered it to appellee's house. Concededly, pursuant to Aguilar v. Texas[3] and Spinelli v. United States[4] an affidavit based solely on the hearsay report of an informant must ordinarily be corroborated either by underlying circumstances from which the affiant concluded that the informant was credible or by other allegations of the affidavit tending to provide independent corroboration of the informant's report. But it was held in United States v. Harris[5] that admissions against the informant's own penal interests may be a sufficient *557 reason of itself for crediting his tip. It was there said:[6]
"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements. People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility  sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a `break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct. Concededly admissions of crime do not always lend credibility to contemporaneous or later accusations of another. But there the informant's admission ... itself and without more, implicated [the property under suspicion] and furnished probable cause to search [it]."
We think Harris, supra, controls here.
Additionally, we allude to the well-recognized rule that while the fruits of a search will not validate a search otherwise invalid, nevertheless such fruits may of themselves tend to corroborate the strength of the suspicion in the mind of the issuing magistrate the extent of which must equal "probable cause." A comparison of the actual fruits with the detailed recitation of the stolen property in the affidavit in this case certainly satisfies this rule. Moreover, it supports the alleged suspicion in the mind of the officer-affiant upon which he swore to his belief and, at the same time, would seem to negate any contention that the informant's tip was unreliable because of his youth. In our view, this case proves out the rationale of Harris, supra.
Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] (Fla.App.3d 1974), 291 So.2d 15.
[2] State v. Wolff (Fla. 1975), 310 So.2d 729 (Opinion filed February 26, 1975).
[3] (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.
[4] (1969) 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.
[5] (1971) 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723.
[6] Id. at 583-84, 91 S.Ct. at 2082, 29 L.Ed.2d at 734.