HAVERFIELD, Chief Judge.
Gilfredo Rivera, following his conviction for carrying a concealed weapon, appeals the denial of his motion to suppress the evidence seized which he argues was discovered as a result of an unlawful search.
In the early morning hours of February 15, 1977, Officer Larry Blankenship observed the defendant Rivera operating his vehicle in an erratic manner. He stopped the vehicle, asked Rivera to exit and administered a roadside sobriety test. Upon failing the test, Officer Blankenship placed Rivera under arrest, handcuffed him, read him his rights and placed him in the custody of another officer who had arrived on the scene. Immediately thereafter, Officer Blankenship went back to Rivera’s car and from the outside observed several live ammunition rounds lying on the front passenger seat. He then proceeded to search Rivera’s person and upon finding live rounds in his pockets asked Rivera if he had a pistol. Rivera first denied having a pistol but as Officer Blankenship turned around and started toward Rivera’s car which he informed Rivera he was going to search, Rivera then stated he had a pistol and upon being asked where, he answered next to the seat. Officer Blankenship retrieved the gun from Rivera’s car and Rivera subsequently was charged with carrying a concealed weapon. Rivera’s motion to suppress the gun on the ground that it was illegally seized without a warrant was denied. After a non-jury trial, Rivera was convicted as charged and this appeal ensued. We affirm the denial of the motion to suppress for the following reasons:
First, we agree with the holding of the trial court that in light of the discovery of the live rounds of ammunition on the seat of the car and the person of Rivera and Rivera’s admission of having a pistol, Officer Blankenship had probable cause to search the vehicle. If there is probable cause for searching an automobile which has been stopped for traffic violations, a *66 search warrant is not necessary. Schneckloth v. Bustamante, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Second, under the circumstances the police had to impound Rivera’s vehicle as there was no reasonable alternative and, therefore, an inventory search was required.[1] See State v. Dearden, 347 So.2d 462 (Fla. 2d DCA 1977). In the instant case the live rounds of ammunition were clearly visible on the front seat. Leaving the car unguarded on the deserted street in the early hours of the morning would have constituted a clear invitation for someone to vandalize the car with the expectation of possibly finding a gun. Thus, the gun seized was admissible as incident to a lawful inventory search.
Third, our Supreme Court has held where (as in the instant case) there is a reasonable suspicion that a driver is intoxicated, not only is stopping the vehicle justified, but also a search for intoxicants or drugs is justified. State v. Gustafson, 258 So.2d 1, 2 (Fla.1972). Further, it does not matter that the search produced a gun instead of an intoxicant, once a proper arrest is made and the defendant is in custody, a reasonable search may be conducted and any. evidence reflecting that a crime has been or is being committed which is discovered as a result is proper and admissible. State v. Gustafson, supra.
Last, State v. Skrobacki, 331 So.2d 376 (Fla. 1st DCA 1976) upon which Rivera so heavily relies for reversal, is readily distinguishable and not applicable to the instant case. Unlike here, in Skrobacki there was no contention that the search was an inventory search nor did the record show that the vehicle was impounded. Further, in the case at bar the officer had probable cause, not only because of the discovery of the live rounds of ammunition, but also because the defendant Rivera admitted he had a pistol in the car next to the driver’s seat.
Affirmed.

. The vehicle was in fact impounded.