DANAHY, Judge.
Without a warrant, law enforcement officers stopped the defendant’s automobile and searched it. As part of the search, the officers opened an unlocked glove compartment and found an opaque plastic pill bottle similar to those used by pharmacists. The officers opened the bottle and discovered 100 tablets of Dilaudid, a controlled substance.
The defendant was arrested and charged with possession of a controlled substance. She moved to suppress the Dilaudid pills as evidence against her, contending that the warrantless search of her automobile was improper. The trial judge granted the motion and this appeal by the state followed. We reverse.
Under the “automobile exception” to the warrant requirement of the Fourth Amendment, a warrantless search of an automobile and the entire contents of the automobile is permissible if there is probable cause justifying the search. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The defendant argues that the state’s evidence failed to establish probable cause in this case and that the exigent circumstances which support the “automobile exception” to the warrant requirement were not present. We disagree on both counts.
*756 At the suppression hearing, the state relied on the testimony of Officer Sidney Sapp. Officer Sapp testified that he had monitored the telephone at the residence of the defendant and her husband pursuant to a court ordered wiretap. Sapp further testified that in the course of that monitoring, he overheard a call by the defendant which indicated to Sapp that the defendant intended to purchase Dilaudids that evening from a pharmacist named Lowman at the Walpole Pharmacy. He admitted, however, that the defendant had not previously been known to be involved in such a transaction.
From previous surveillance, Sapp determined by pattern that the purchase would take place at closing time behind the pharmacy, when Lowman would make a dropoff to a car. Sapp, therefore, stationed himself at the rear of the pharmacy near closing time. Officers conducting a surveillance at the defendant’s residence reported to Sapp that a Firebird automobile owned by the defendant and her husband had left the residence and was proceeding in the direction of the Walpole Pharmacy. A short while later, other officers reported that the vehicle was turning into the alleyway at the rear of the pharmacy. At about the same time, Sapp observed Lowman leave the rear of the store carrying a little white bag. Lowman looked around and walked to the alley out of Officer Sapp’s sight. Shortly thereafter, he returned without the white bag and the Firebird pulled out of the alley. It was then that the automobile was stopped and the drugs were discovered.
The defendant urges that her telephone call to Lowman, the alleged pattern of previous transactions, and the missing white bag were not substantial enough to establish probable cause. We disagree. Launch v. State, 376 So.2d 405 (Fla. 1st DCA 1979), on which the defendant relies, is easily distinguishable. In that case, officers observed the defendant’s vehicle at a place and at a time when the officers thought there might be a delivery of a substantial amount of marijuana. The officers observed nothing and knew nothing concerning the defendant’s vehicle except that it was at the scene. The court found no probable cause based on those facts.
The instant case involves much more than the circumstances present in Launch. Here, the defendant called Lowman, a person known to have been involved in drug transactions, mentioned “D’s” and asked whether Lowman had any. Her subsequent actions fit a pattern of illegal drug transactions involving Lowman. We think there was probable cause.
Although the defendant vigorously argues that the state had plenty of time in which to obtain a search warrant — and thus, there were no exigent circumstances — we believe exigent circumstances were present. The officers would have been justified in believing that, in the time it would take to obtain a search warrant, the Dilau-did pills would have been removed from the automobile.
Based on the foregoing, we REVERSE and REMAND for further proceedings.
BOARDMAN, A.C.J., and GRIMES, J., concur.