899 F.2d 19
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth DEVEREAUX, Defendant-Appellant.
 No. 89-30148.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1990.*
Decided March 27, 1990.
 Before WALLACE, FERGUSON and BRUNETTI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Devereaux appeals from his sentence imposed following a guilty plea for aiding or abetting involuntary manslaughter, in violation of 18 U.S.C. Secs. 1152, 1112, and 2. Under the Sentencing Guidelines, his adjusted offense level was 14 and he had a criminal history score of 4. Devereaux is in criminal history category III. The sentencing guideline range is from 21 to 27 months' imprisonment. Devereaux was sentenced to 36 months. Devereaux alleges that the district court erred in sentencing outside of the guideline range.
 
 
 2
 The district court had jurisdiction under 18 U.S.C. Secs. 1152, 1112, and 2. We have jurisdiction over this timely appeal pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We vacate the sentence and remand for the district court to specify more clearly the factors upon which it based its decision to depart from the specified guideline range.
 
 
 3
 A court can impose a sentence outside the Sentencing Guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." United States v. Michel, 876 F.2d 784, 786 (9th Cir.1989), quoting 18 U.S.C. Sec. 3553(b). Such departures are reviewed according to a five-step process:
 
 
 4
 1. we first inspect whether the district court stated its reasons for departing from the Guidelines by adequately identifying the "aggravating or mitigating circumstance" (hereinafter circumstance);
 
 
 5
 2. if it did, we then review for clear error whether the identified circumstance actually existed;
 
 
 6
 3. if it did, we then review de novo whether the circumstance was of a kind adequately taken into consideration by the Sentencing Commission;
 
 
 7
 4. if, and only if, it was not, we review for an abuse of discretion the district court's decision whether that unconsidered circumstance should result in departure; and,
 
 
 8
 5. if the circumstance warrants departure, we review for an abuse of discretion whether the extent or degree of departure was unreasonable. United States v. Lira-Barraza, No. 88-5161, slip op. 2407, 2411 (9th Cir. Feb. 28, 1990).
 
 
 9
 We are unable to determine whether Devereaux's sentence was enhanced for circumstances already considered by the Guidelines, and in turn, whether the departure was reasonable. We require sufficient specificity in the factors identified as grounds for departure so we can engage in a meaningful review. United States v. Wells, 878 F.2d 1232, 1233 (9th Cir.1989) (reversing and remanding to the district court because it did not point out specific aspects of defendant's criminal history that it felt the Commission had not adequately taken into account). The district court was not specific enough in its reasons for departure. Therefore, it is necessary to remand for resentencing.
 
 
 10
 SENTENCE VACATED AND REMANDED.
 
 
 11
 Note: This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3.
 
 FERGUSON, Circuit Judge, concurring:
 
 12
 I concur, but would not rely on United States v. Lira-Barraza, No. 88-5161 (9th Cir. Feb. 28, 1990), which misstates the appropriate standard of review for our analysis of departures from the Sentencing Guidelines.
 
 
 13
 Lira-Barraza holds broadly that in cases lacking explicit statutory guidance, the district court's decisions on whether a particular circumstance warrants departure from the guidelines, and the extent of the departure, should be reviewed for "an abuse of discretion." Id., slip op. at 2415-16. This is not correct.
 
 
 14
 We have recently restated our long-established view that "[t]he legality of a sentence is reviewed de novo." United States v. Turner, no. 89-30036, slip op. at 2661 (9th Cir. Mar. 12, 1990). See also United States v. Pomazi, 851 F.2d 244, 247 (9th Cir.1988) (distinguishing sentencing within statutory limits, reviewed for abuse of discretion, from sentencing outside of the limits or otherwise implicating questions of law, reviewed de novo.)
 
 
 15
 18 USC Sec. 3742(e) guides appellate review of the application of the sentencing guidelines. That section concludes,
 
 
 16
 The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
 
 
 17
 As explained by the Tenth Circuit in United States v. Roberts, 1990 U.S.App.Lexis 3708 (March 15, 1990), the legislative history shows that Congress intended appellate courts generally to analyze sentencing decisions as "mixed questions of law and fact." The legislative history of the "due deference" standard states:
 
 
 18
 [t]his standard is intended to give the court of appeals flexibility in reviewing an application of a guideline standard that involves some subjectivity. The deference due a district court's determination will depend upon the relationship of the facts found to the guidelines standard being applied. If the particular determination involved closely resembles a finding of fact, the court of appeals would apply a clearly erroneous test. As the determination approaches a purely legal determination, however, the court of appeals would review the determination more closely.
 
 
 19
 134 Cong.Rec. H11257 (daily ed. Oct. 21, 1988) (statement of Rep. Conyers).
 
 
 20
 This Congressional description comports with this Circuit's treatment of mixed questions of law and fact. As stated in United States v. McConney, 728 F.2d 1195, 1203 (9th Cir.1984), unless they involve only an "essentially factual" inquiry, such mixed questions are reviewed de novo. Accord United States v. Ortiz, 878 F.2d 125, 126-27 (3d Cir.1989).
 
 
 21
 Sentences based on circumstances not described in the Guidelines require "regard for the relationship of the sentence imposed to sentences prescribed by guidelines applicable to similar offenses and offenders, and to the applicable policy statements of the Sentencing Commission." 18 USC Sec. 3553(b). This process involves a legal, and not merely factual, analysis, mandating review de novo.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4