600 So.2d 25 (1992)
STATE of Florida, Appellant,
v.
Scott DILORETO, Appellee.
No. 91-1486.
District Court of Appeal of Florida, Fourth District.
June 3, 1992.
As Corrected July 1, 1992.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellant.
Ariel Raab of Raab & Raab, P.C., Kingston, N.Y., for appellee.
STONE, Judge.
We affirm an order granting the defendant's motion to dismiss a charge of trafficking in oxycodone as not stating a crime punishable, as charged, under Florida Statute Section 893.135(1)(c)3 (1989). That section provides, in pertinent part:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(1)(b) or (2)(a), or 4 grams or more of any mixture containing any such substance ... commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs."
It is undisputed that, here, the drug in question was derived from the plant papaver bracteatum,[1] which is not an opium plant. The state concedes that the controlled substance is not heroin, morphine, opium, or any salt, isomer, or salt of an isomer, of morphine or opium; nor is it manufactured from any such substance.
The trial court correctly recognized that trafficking under section 893.135(1)(c)3 *26 (1989)[2] does not encompass all controlled substances listed in sections 893.03(1)(b) or (2)(a), Florida Statutes, but only those specified by its terms. The statute must be accorded its plain meaning. Holly v. Auld, 450 So.2d 217 (Fla. 1984); Thayer v. State, 335 So.2d 815 (Fla. 1976); Arthur v. State, 391 So.2d 338 (Fla. 4th DCA 1980).
The state would expand the interpretation of the statute to include all substances listed in section 893.03(1)(b) or (2)(a), notwithstanding the explicit wording of the statute. However, criminal statutes must be strictly construed. Arthur, 391 So.2d at 339.
We note, as recognized by the trial court in the record, that the possession of the drugs in question may still be charged under another section. See § 893.13, Fla. Stat. (1989).
Therefore, the order is affirmed.
LETTS and GUNTHER, JJ., concur.
NOTES
[1] Oxycodone is a derivative of thebaine. The uncontroverted expert testimony presented at trial stated that thebaine is sometimes derived from the plant papaver somniferium, a constituent of the opium plant. However, the testimony also revealed that the thebaine in this case was derived from a poppy called papaver bracteatum rather than the opium poppy.
[2] We note that the statute was amended in 1991. However, the amendment did not involve the substance of this opinion.