968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonna Deanne ROSS, Defendant-Appellant.
 No. 89-50224.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1991.
Decided July 20, 1992.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 REMAND ORDER
 
 1
 Federal Rule of Criminal Procedure 12(e) requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." Fed.R.Crim.P. 12(e). Where a defendant appeals the district court's denial of a motion to suppress, remand to the district court is appropriate if there are no essential factual findings on which to base appellate review. United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir.1990).
 
 
 2
 The legal issue in this case is whether the contraband discovered by the American Airlines personnel who searched Ross' luggage should be suppressed because the search did not comport with the protections afforded by the Fourth Amendment.
 
 
 3
 The record in this case is sparse and provides an insufficient factual basis to allow us adequately to address the issues raised by Ross in her suppression motion.
 
 
 4
 Accordingly, we reverse the denial of the motion to suppress and remand with instructions to the district court to set forth within ninety days from the date of filing of this order its findings and legal conclusions with respect to the following issues:
 
 
 5
 1. Did the search of Ross' first piece of luggage constitute governmental conduct for the purposes of invoking the Fourth Amendment? See United States v. Ortiz, 714 F.Supp. 1569 (C.D.Cal.1989), aff'd without opinion sub nom. United States v. Valenzuela, 899 F.2d 19 (9th Cir.1990).
 
 
 6
 2. Did Ross consent, either expressly or impliedly, to the search of her luggage?
 
 
 7
 3. Was there probable cause to search Ross' luggage?
 
 
 8
 4. Were there exigent circumstances which compelled the search of Ross' luggage? See United States v. Sarkissian, 841 F.2d 959, 962 (9th Cir.1988).
 
 
 9
 5. Does either the Terry exception ( Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 (1968)) or the administrative search exception ( United States v. Davis, 482 F.2d 893 (9th Cir.1973)) apply to the search of Ross' luggage?
 
 
 10
 6. If the luggage search violated the Fourth Amendment, can it be upheld under the "good faith" exception? See Illinois v. Krull, 480 U.S. 340, 107 S.Ct. 1160 (1987).
 
 
 11
 In making these findings and in setting forth its legal conclusions, the district court may, if appropriate, reconsider its ruling. See Prieto-Villa, 910 F.2d at 610.
 
 
 12
 REVERSED AND REMANDED.