PER CURIAM.
The state appeals from an order dismissing the information charging Timothy L. Collins with trafficking in oxycodone in violation of section 893.135(l)(c)l, Florida .Statutes (1993). Because the record fails to disclose the botanical origin of the oxycodone, we reverse and remand for an evidentiary proceeding.
Although oxycodone is nominally within the classification of controlled substances referred to in section 893.03, Florida Statutes (1993), as a Schedule II derivative of opium, it is not proscribed by section 893.135(l)(c)(l) if it is obtained from a non-opium producing poppy. State v. Diloreto, 600 So.2d 25 (Fla. 4th DCA 1992). Of course, if the oxycodone in question originated in opium, the trial court was in error in dismissing the information in the light of section 893.135(l)(c)l which, in relevant part, provides that:
Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(l)(b) or (2) (a) or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first de *634 gree, which felony shall be known as “trafficking in illegal drugs.”
Here, unlike in Diloreto, a decision referred to by the state and Collins, there is neither a stipulation nor evidence disclosing that the organic source of the oxycodone excludes it from the Schedule II substances.
We reverse, vacate the trial court’s order and remand for further proceedings.
HALL, A.C.J., and BLUE and FULMER, JJ., concur.