SCHWARTZ, Chief Judge.
This is an appeal from the denial of a writ of coram nobis. We affirm.
In 1988, Todd pled guilty to the alleged crime of trafficking by possession of over 28 grams of hydromorphone (Dilaudid) in asserted violation of Florida Statute § 893.135(l)(c). After serving his sentence, he brought the present application on the claimed, and now admitted, ground that Dilaudid is neither “morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin” as specifically set forth in § 893.135(l)(c), Fla.Stat. (1987).[1] Relying on State v. Diloreto, 600 So.2d 25 (Fla. 4th DCA 1992), which held that possession of a substance which did not meet this chemical definition could not justify a conviction for violation of section 893.135(l)(c), even though it was, like hydromorphone, specifically designated in section 893.03(2)(a), he argues that he could therefore not factually have been convicted of the crime and that the writ of .coram nobis should therefore have been granted. See Malcolm v. State, 605 So.2d 945 (Fla. 3d DCA 1992).
In rejecting the appellant’s claim for reversal, we find it unnecessary to determine whether Diloreto was correctly decided.[2] This is because the composition of Dilaudid could easily have been discovered by the defendant and his attorney at the time of the plea. One of the fundamental prerequisites for coram nobis relief, “due diligence,” was therefore not satisfied. See Hallman v. State, 371 So.2d 482 (Fla.1979), overruled on other grounds by Jones v. State, 591 So.2d 911 (Fla.1991). While Malcolm saw fit to “relax” — read “forego” — this requirement “to correct the conviction of an innocent man,” 605 So.2d at 948, Todd does not fit that description and therefore does not qualify for that indulgence. To the contrary, he was clearly guilty of the felony of simple possession of a substance designated in section 893.03(2)(a)l.k.[3] for which he could have appropriately been convicted and sentenced. Under these circumstances, we conclude that the defendant’s failure timely to assert the alleged defect in the specific offense to which he pled precludes his right to relief. See Hallman, 371 So.2d at 482. Cf. Janes v. State, 585 So.2d 424 (Fla. 1st DCA 1991); Leonetti v. State, 418 So.2d 1192 (Fla. 5th DCA 1982); Wood v. State, 354 So.2d 134 (Fla. 1st DCA 1978), cert. denied, 361 So.2d 836 (Fla.1978).
Affirmed.

.The pertinent provisions of the statute provide:
(c) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(l)(b) or (2)(a), or 4 grams or more of any mixture containing any such substance, is guilty of a felony of the first degree, which felony shall be known as “trafficking in illegal drugs.” If the quantity involved:
[[Image here]]
3. Is 28 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 calendar years and to pay a fine of $500,000.

. The prosecution rather persuasively argues that . Diloreto improperly reads "as described in s. 893.03(l)(b) or (2)(a)” out of the statute.

. This provision reads in pertinent part as follows:
(a) Unless specifically excepted or unless listed in another schedule, any of the following substances, whether produced directly or indirectly by extraction from substances of vegetable origin or independently by means of chemical synthesis:
[[Image here]]
1. Opium and any salt, compound, derivative, or preparation of opium, except isoquinoline alkaloids of opium, including but not limited to the following:
[[Image here]]
k. Hydromorphone.