UNITED STATES of America, Plaintiff,

v.

Benjamin Davis GROTE, Defendant.

No. CR–08–6057–LRS.

United States District Court, E.D. Washington.

June 16, 2009.

**1202**

Robert A. Ellis, U.S. Attorney's Office, Yakima, WA, for Plaintiff.

## ORDER RE *GANT*

LONNY R. SUKO, District Judge.

### I. BACKGROUND

On March 26, 2009, this court entered an "Order Denying Motion To Suppress" (Ct. Rec. 119). That order concluded the August 14, 2008 search of Defendant's vehicle was a valid search incident to arrest under the law existing at the time. On April 21, 2009, the U.S. Supreme Court issued its decision in *Arizona v. Gant,* —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), relating to when a warrantless search incident to arrest is justified. Defendant asks this court to reconsider its "Order Denying Motion To Suppress" in light of *Gant,* and to that end, the parties have provided the court with supplemental briefing, and an evidentiary hearing was held on June 8, 2009. City of Walla Walla police officers Matt Greenland and Michael Moses testified at the hearing.

### II. DISCUSSION

#### A. Validity of Search Incident to Arrest under *Gant*

■ In *Gant,* the Supreme Court held that a search of a motor vehicle incident to lawful arrest is justified in two circumstances: 1) when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search; and 2) when it is reasonable to believe evidence relevant to the crime of arrest "might" be found in the vehicle. 129 S.Ct. at 1723. The Government does not contend Defendant was unsecured and within reaching distance of the passenger compartment at the time the officers searched the vehicle. Officers Greenland and Moses both testified the search was not conducted until after the Defendant had been

arrested and placed into the back of Officer Greenland's patrol car. Therefore, the question is whether it was reasonable to believe that evidence relevant to the crime of arrest, Driving Under The Influence (DUI), might be found in Defendant's vehicle.

Based on the Ninth Circuit's decision in *United States v. Gorman,* 314 F.3d 1105 (9th Cir.2002), Defendant asserts the "reasonable to believe" standard equates to a probable cause standard. *Gorman* involved the issue of whether police had "reason to believe" that an individual for whom they had an arrest warrant was present in a third party's residence, justifying entry into that residence without a search warrant or consent. A warrantless search of a vehicle incident to arrest requires probable cause to arrest and so the question is whether it should also require probable cause to search the vehicle once probable cause to arrest has been established. Based on *Gorman,* and the fact the automobile exception to the search warrant requirement[1] requires probable cause to believe that a motor vehicle contains contraband and can be moved (*California v. Carney,* 471 U.S. 386, 394–95, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985)), it appears the Ninth Circuit would find the "reasonable to believe" standard referred to in *Gant* equates with a probable cause standard, that being probable cause to believe evidence of the crime of arrest will be located in the vehicle.[2]

Initially, the court finds that based on the totality of the circumstances testified to by the officers, and as reflected in their reports, there was probable cause to arrest the Defendant for DUI, regardless of any concern about the accuracy of the PBT (Portable Breath Test) reading.[3] The question is whether based on that lawful arrest, the officers had probable cause to conduct a warrantless search of Defendant's vehicle for evidence of DUI.

In *Gant,* the Supreme Court stated:

In many cases, as when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. [Citations omitted]. But in others, including *Belton*[4] and *Thornton*[5], the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle and any containers therein.

Neither the possibility of access nor the likelihood of discovering offense-related evidence authorized the search in this case.... An evidentiary basis for the search was ... lacking in this case.

1. This is distinct from the search incident to arrest exception. The rationale for the automobile exception is that vehicles are mobile, can be moved quickly, and the expectation of privacy is reduced by pervasive regulation governing vehicles. *United States v. Hatley,* 15 F.3d 856, 858 (9th Cir.1994).

2. The Ninth Circuit alone has held the "reason to believe" standard "embodies the same standard or reasonableness inherent in probable cause." *U.S. v. Thomas,* 429 F.3d 282, 286 (D.C.Cir.2005). Other circuits differing from the Ninth Circuit on this issue include the Sixth Circuit, *U.S. v. Pruitt,* 458 F.3d 477, 482–83 (6th Cir.2006). There is a circuit split

because the Supreme Court has not defined what "reasonable to believe" means and it did not do so in *Gant.*

3. Probable cause to arrest was not an issue specifically raised by Defendant in his initial or supplemental papers.

4. *New York v. Belton,* 453 U.S. 454, 455–56, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

5. *Thornton v. United States,* 541 U.S. 615, 618, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004)

Whereas Belton and Thornton were arrested for drug offenses, Gant was arrested for driving with a suspended license—an offense for which the police could not expect to find evidence in the passenger compartment of Gant's car. [Citation omitted]. Because police could not reasonably have believed either that Gant could have accessed his car at the time of the search or that evidence of the offense for which he was arrested might have been found therein, the search in this case was unreasonable.

129 S.Ct.at 1719.

DUI is a traffic violation. RCW 46.61.502. This court, however, is hesitant to construe *Gant* as standing for the proposition that a traffic violation, and a DUI in particular, can never serve as a basis for a search of a vehicle incident to lawful arrest on the assumption it will never be reasonable to believe that evidence of DUI will be found in the vehicle. This court is equally hesitant to hold that a lawful arrest for DUI will always justify a search of a vehicle incident to arrest on the assumption it will always be reasonable to believe that evidence of DUI will be found in the vehicle. Resolution of this particular case, however, does not turn on application of any *per se* rule.

While Officer Greenland spoke with Defendant who was seated in the driver's seat of the vehicle, Officer Moses went to the passenger side of the vehicle. From the exterior of the vehicle, Officer Moses was able to observe a brown paper bag wrapped around a bottle which was located next to the Defendant. Officer Moses testified that it appeared to be a bottle of alcohol since liquor stores typically put such bottles in brown paper bags.[6] The officers testified that after the initial contact with Defendant in his vehicle, the officers gathered to confer and left Defendant alone in the vehicle. Officer Moses testified that when Defendant was re-contacted, he (Moses) noticed the paper bag had been moved from the front passenger seat to the "back cab area" of the vehicle (the truck), presumably by the Defendant. According to Officer Moses, the bag remained visible from the exterior of the vehicle even after it (the bag) had been moved to the back cab area. After the Defendant had been arrested and placed in the back of Officer Greenland's patrol car, Officer Moses searched the interior of the vehicle. He inspected the contents of the brown paper bag and found that it contained a full, unopened bottle of vodka. Officer Moses acknowledged, however, that he did not inspect the bag first, but rather looked under the driver's seat and discovered a loaded handgun and some blasting caps.

To prove DUI, the State must show a defendant operated or was in actual physical control of a vehicle while he was under the influence. Driving under the influence may be proven by one of three alternative methods: (a) a person has, within two hours of driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood; (b) driving a vehicle under the influence of or affected by intoxicating liquor or any drug; or (c) driving a vehicle under the combined influence of or affected by intoxicating liquor and any drug. RCW 46.61.502. The defendant's physical condition is, by defini-

---

**6.** According to Officer Moses' written report (Ct. Rec. 72–2):

I moved to the passenger side and could see inside on the front seat. There was a brown paper bag like the ones that wrap a liquor bottle from a liquor store, it also was in the shape of a liquor bottle laying next to Grote.

tion, a critical element of the crime. *State v. Komoto,* 40 Wash.App. 200, 205, 697 P.2d 1025 (1985). An opened bottle of vodka, let alone an unopened bottle, is clearly not, by itself, sufficient to establish DUI. It is, however, potential corroborative evidence of DUI. It potentially corroborates that an individual was operating a motor vehicle in an intoxicated physical condition. An opened bottle, in particular, is arguably evidence of recent alcohol consumption. An unopened bottle can also serve as such evidence, particularly where as here, there is evidence the Defendant attempted to conceal the bottle by moving it to the back cab area of the vehicle following his initial contact with the officers. Furthermore, discovery of an unopened bottle in a vehicle would lead an officer to reasonably believe an opened container of alcohol might be found in the vehicle, thereby justifying a further search of the vehicle for evidence of the same.

Probable cause is an objective standard ("reasonable belief") and the subjective motivations of the law enforcement officer are irrelevant. *Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Under the totality of the circumstances in this case (Defendant's physical condition and there appearing to be a bottle of alcohol inside a brown paper bag located next to Defendant in vehicle), it would have been reasonable for an officer to believe that evidence of DUI "might" be found in the vehicle. Accordingly, even under *Gant,* this court concludes the August 14, 2008 search of the vehicle was a valid warrantless search incident to a lawful arrest.[7]

### B. Good Faith Exception To Exclusionary Rule

█ Officer Moses testified he did not seize the unopened bottle of vodka and

enter it into evidence. There is no indication whether the bottle was used as evidence against the Defendant regarding the DUI charge. Officer Moses did not testify he was searching for evidence of DUI in particular. He acknowledged he did not first inspect the bag which he thought contained a bottle of alcohol. Instead, the first place he searched was under the driver's seat of the vehicle.

At the time Officer Moses conducted his search, it was well accepted in the Ninth Circuit and elsewhere that law enforcement officers could search a motor vehicle, and its compartments and containers therein, as a contemporaneous search incident to a lawful arrest, without regard to whether an arrestee was secured or unsecured, and without regard to whether evidence particular to the crime of arrest might be found in the vehicle. *United States v. McLaughlin,* 170 F.3d 889, 891 (9th Cir.1999), citing *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). It was understood at that time that "**the applicability of the *Belton* rule [did] not depend upon a defendant's ability to grab items in a car but rather upon whether the search [was] roughly contemporaneous with the arrest.**" *McLaughlin,* 170 F.3d at 891–92. (Emphasis added). In other words, it was understood that all that was necessary was a lawful arrest and a search occurring roughly contemporaneous with that arrest. See dissenting opinion of Justice Alito in *Gant,* 129 S.Ct. at 1726–32. When this court was considering Defendant's motion to suppress prior to the *Gant* decision, Defendant conceded that under the state of the law existing at that time, the warrantless search of the vehicle was a valid search incident to arrest.

---

7. As such, it is unnecessary to consider whether another warrantless search exception, such as the inventory search exception, would apply.

Even if it was not reasonable for an officer to believe evidence of DUI might be found in the vehicle, and therefore that the search of the vehicle was not a valid warrantless search incident to arrest, the evidence obtained in the search should not be excluded because Officer Moses acted in good faith in conducting the search. Based on the state of the law existing at the time he conducted the search, prior to *Gant,* Officer Moses acted in an objectively reasonable manner in searching the vehicle incident to the Defendant's lawful arrest. He acted in an objectively reasonable belief that his conduct did not violate the Fourth Amendment.

Although the good faith exception to the exclusionary rule originated from a case involving a search conducted pursuant to an invalid warrant, *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), this court agrees with other courts which have found the rationale for the exception applies with equal force to invalid warrantless searches. *United States v. Ortiz,* 714 F.Supp. 1569, 1577–80 (C.D.Cal.1989), *affirmed without opinion sub nom.* in *United States v. Valenzuela,* 899 F.2d 19 (9th Cir.1990); *United States v. Planells–Guerra,* 509 F.Supp.2d 1000, 1010–16 (D.Utah 2007) (citing cases from the Fifth Circuit Court of Appeals, including *United States v. Ramirez–Lujan,* 976 F.2d 930 (5th Cir.1992); *United States v. De Leon–Reyna,* 930 F.2d 396 (5th Cir. 1991); and *United States v. Williams,* 622 F.2d 830 (5th Cir.1980)). The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effects." *Leon,* 468 U.S. at 906, 104 S.Ct.

3405. It is intended to deter future police misconduct, not to cure past violations of a defendant's rights. *Id.* The exclusionary rule should apply only where its deterrent effect outweighs its "substantial social costs." *Id.* at 907, 104 S.Ct. 3405; *Hudson v. Michigan,* 547 U.S. 586, 591, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006).

Application of the exclusionary rule here clearly will not deter future police misconduct. The simple reason is that the police conduct in question—warrantless searches incident to lawful arrest—will now be evaluated by the new legal standard articulated in *Gant,* not by the legal standard that existed when Officer Moses conducted his search. As there is no deterrent effect to be gained, application of the exclusionary rule cannot be justified considering the substantial social costs imposed by the rule. It is important to point out that Officer Moses made no mistake of law or fact. Instead, he acted reasonably pursuant to the law as it existed at the time he conducted the search of the vehicle. Application of the good faith exception here is not intended to excuse a mistake on the part of Officer Moses, but to recognize that *Gant* represents a change in well-established law on which law enforcement officers once reasonably relied.[8]

### III. CONCLUSION

The August 14, 2008 search of the vehicle was a valid search incident to arrest even under *Gant.* Even if it was not a valid search incident to arrest under *Gant,* the good faith exception to the exclusionary rule applies and the evidence obtained during the search should not be excluded.

---

8. Whether *Gant* constitutes an overruling of *Belton* and *Thornton,* as asserted by Justice Alito in his dissenting opinion, or whether it does not, as asserted by the majority opinion, there is no question that at a minimum, *Gant* constitutes a change in how *Belton* and *Thornton* had been interpreted.

For these reasons, the court reaffirms its March 26, 2009 "Order Denying Motion To Suppress."

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.