|,
 
 WRIT GRANTED; REVERSED AND REMANDED.
 

 The search, occurring on January 5, 2009, is legal, at least on this record.
 

 First,
 
 Arizona v. Gant,
 
 — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (4/21/09), may or may not be applicable to searches already conducted as the date of the decision.
 
 Gant
 
 has admittedly now restricted
 
 New York v. Belton,
 
 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), for criminal searches occurring after the date of the opinion. In this writ application, however, it is of no moment, because the testimony at the motion to suppress establishes that on January 5, 2009, Deputy Shultz’s vehicular search complied with the later requirements of
 
 Gant,
 
 because the arres-tee (Ronnie Brown):
 

 1. Had just been arrested;
 

 2. Was still near the 18-wheeler; and
 

 3. Was not shackled until after the discovery of the drugs.
 

 Second, the law until April 21, 2009, (the date of the
 
 Gant
 
 opinion) was exactly as the deputy told the defendant. On Janu
 
 *895
 
 ary 5, 2009, it is crystal-clear that the passenger compartment could be searched incident to the arrest of a vehicular occupant, so long as the arrestee was still relatively near the vehicle, and had just recently been in the vehicle, as per
 
 Thornton v. United States,
 
 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), though the USSC gave us in
 
 Thornton
 
 no guidelines as to how far was too far, nor how long was too long. In
 
 State v. Canezaro,
 
 957 So.2d 136 (La.2007), a vehicular search incident to arrest was approved by the La. Supreme Court (18.5 months before the search of R. Brown’s 18-wheeler cab and 22 months before
 
 Gant)
 
 when, at the moment of the search incident to arrest, the two defendants were arrested, shackled, and locked in the police car at the scene, as per
 
 Belton.
 

 Third, the deputy testified that he received a second consent — and he was the only witness at the motion to suppress. The defendant did not seek to controvert his second consent by testifying for the limited purpose of the motion to suppress. Therefore, nothing in this sparse record refutes the validity of the second consent. The record may be fuller on appeal, in case of a conviction.
 

 Fourth, if what the deputy said (about his legal right to search without consent) turns out not to have been the law on January 5, 2009, he was still in good faith [as per
 
 United States v. Leon,
 
 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) ] to say what the law allowed at the time (nobody knew or could have known what
 
 Gant
 
 was going to later hold), thus his securing of consent was valid, being obtained in good faith.
 

 Fifth, the declaration by the defendant as to a firearm being in the cab presented a potential safety concern when leaving the vehicle in a parking lot with public access. The officer was objectively reasonable in removing the weapon to protect the public.
 
 See State v. White,
 
 1 So.3d 439 (La.1/21/09).
 

 The court is aggrieved to some extent that the state’s application was not in strict compliance with U.R.C.A. 4-4. Further, with a trial date of October 19, and the writ application not being filed until October 14, the applicant should have requested expedited consideration.
 

 The ruling of the trial court, granting the motion to suppress, is reversed, and the case is remanded for further proceedings.
 

 WILLIAMS, J., dissents.