PER CURIAM.
The state appeals an order granting a motion to suppress evidence seized from the defendant’s vehicle during a search incident to arrest. Although the search was unlawful, the trial court erred as a matter of law by granting the motion, because the police officers had relied in good faith on well-settled case law when they conducted the search.
The police officers had the defendant under surveillance for suspected drug activity, but they stopped her vehicle because they knew she was driving with a suspended license. After the officers had handcuffed the defendant and secured her in a patrol car, they searched her purse, which had been in the passenger compartment of her vehicle, and found metham-phetamines, marijuana, and ecstasy. The search was valid under the bright-line rule in New York v. Belton, 45B U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the controlling precedent at the time. Several weeks later, however, in Arizona v. Gant, — U.S. —, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), the supreme court disavowed the common interpretation of Belton.
The Court held in Gant that police officers are authorized to “search a vehicle incident to a recent occupant’s arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search,” or “when it is ‘reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.’ ” Id. at 1719 (quotation omitted). The Court concluded that the search of Gant’s car once he had been handcuffed and placed in a patrol car was not reasonable, because he was no longer able to reach into the passenger compartment. In addition, there was no reason to believe that the car might contain evidence relevant to Gant’s offense of driving with a suspended license. Id.
In the present case, the trial court correctly determined that the search of the defendant’s purse was invalid under Gant, because she was handcuffed and in a patrol car when her purse was seized. The court was also correct in holding that Gant applied retroactively because the decision in this case was not final when Gant was decided. See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). However, the trial court erred by rejecting the state’s argument that the search was valid under the good-faith exception of U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
There were very few opinions on the subject at the time the motion to suppress was considered. The trial court adopted the view expressed by the Middle District of Tennessee that the good-faith exception of Leon does not apply to reliance on Supreme Court precedent. See U.S. v. Buford, 623 F.Supp.2d (M.D.Tenn.2009). Since then, however, courts from numerous state and federal jurisdictions, including Florida’s Fifth District Court of Appeal and the federal Eleventh Circuit Court of Appeals, have decided that the good-faith exception does apply to pre-Gant searches incident to arrest that were in the pipeline when Gant was decided,[1] *410 whereas relatively few state and federal jurisdictions have decided that Leon should not apply to judicial precedent.[2]
In Brown v. State, 24 So.3d 671 (Fla. 5th DCA 2009), review denied, 39 So.3d 1264 (Fla.2010), the court concluded that the search of the defendant’s vehicle was lawful under Gant, because the officer had seized evidence of .the crime for which the defendant was being arrested. Id. at 677. Nevertheless, the court decided in the alternative, that the fruits of the search should not be excluded, because the police were acting in good-faith reliance on the “widely accepted interpretation of Belton.” Id. at 680. The bright-line rule of Belton, which approved searches of a vehicle’s passenger compartment after the police had secured the arrestee, had been accepted for 28 years, “was taken literally by federal courts across the country and all of the courts in Florida,” and was “widely taught in police academies.” Id. at 680-81. “To apply the exclusionary rule in this case cannot possibly deter police because they did exactly what they were trained to do based on what we (judges) told them was appropriate.” Id. at 681.
In United States v. Davis, 598 F.3d 1259 (11th Cir.2010), cert. granted, — U.S. —, 131 S.Ct. 502, 178 L.Ed.2d 368 (U.S. Nov. 1, 2010), the defendant was a passenger in a car during a routine traffic stop, and after he gave a false name, he was arrested and handcuffed and secured in a patrol car. The court concluded that the subsequent search of the vehicle was invalid under Gant, but that the officer had conducted the search in good faith pursuant to Belton, and thus there was no deliberate, culpable conduct that warranted deterrence. Quoting from Leon, the court said that “a search performed in accordance with our erroneous interpretation of Fourth Amendment law is not culpable police conduct,” because the police “are entitled to rely on our decisions, and ‘[p]e-nalizing the officer for the [court’s] error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.’” Id. at 1265-66 (quoting from U.S. v. Leon, 468 U.S. at 921,104 S.Ct. 3405).
The rule in Belton was quite clear and thus did not require individual police interpretation. Therefore, “[i]t is precisely in situations like this, when the permissibility *411 of a search was clear under precedent that has since been overturned, that applying the good-faith exception makes sense,” because “the courts have already effectively determined the search’s constitutionality, and applying the exclusionary rule on the basis of a judicial error cannot deter police misconduct.” Davis, 598 F.3d at 1267. Comparably, the Supreme Court has applied a good-faith exception when law enforcement relied upon a subsequently invalidated statute in Illinois v. Krull, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), and on a subsequently invalidated ordinance in Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).
The Supreme Court has made it clear that the exclusionary rule is intended to deter police misconduct, not to remedy the prior invasion of a defendant’s constitutional rights. Illinois v. Krull, 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). Application of the exclusionary rule in the case at bar would not deter future police misconduct, nor would it deter appellate courts from issuing erroneous rulings, or lower courts from following the lead of higher courts. Instead, the officers who relied on Belton, and society which benefits from apprehension of law-breakers, would be punished for the Supreme Court’s decision that a prior ruling was error. “Particularly when law enforcement officers have acted in objective good faith ... the magnitude of the benefit conferred on such guilty defendants [by the exclusionary rule] offends basic concepts of the criminal justice system.” Leon, 468 U.S. at 907-08, 104 S.Ct. 3405.
For these reasons, we conclude that the motion to suppress should have been denied. The order granting the motion is reversed and this case is remanded to the trial court for further proceedings. We certify as a question of great public importance the question that the U.S. Supreme Court left open in Arizona v. Gant:
DOES THE GOOD-FAITH EXCEPTION TO THE EXCLUSIONARY RULE APPLY TO EVIDENCE SEIZED BY THE POLICE IN CONTRAVENTION OF ARIZONA v. GANT, — U.S. —, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009)?
Reversed and remanded.
PADOVANO and CLARK, JJ., concur. BENTON, C.J., dissents with opinion.

. See U.S. v. Davis, 598 F.3d 1259 (11th Cir. 2010); U.S. v. McCane, 573 F.3d 1037 (10th Cir.2009); U.S. v. Amos, 733 F.Supp.2d 907 (E.D.Tenn.2010); Brown v. Romeoville, No. 08C1577, 2010 WL 431474 (N.D.Ill. Feb. 1, 2010); U.S. v. Schuttpelz, No. 07-20410, 2010 *410 WL 200827 (E.D.Mich. Jan. 15, 2010); U.S. v. Southerland, No. 7:09-CR-68-FL, 2009 WL 5149263 (E.D.N.C. Dec. 23, 2009); U.S. v. Gray, No. 4:09CR3089, 2009 WL 4739740 (D.Neb. Dec. 7, 2009); U.S. v. Lee, No. 07-04050-01-CR-C-NKL, 2009 WL 3762404 (W.D.Mo. Nov. 10, 2009); U.S. v. Lopez, No. 6:06-120-DCR, 2009 WL 3112127 (E.D.Ky. Sept. 23, 2009); U.S. v. Allison, 637 F.Supp.2d 657 (S.D.Iowa 2009); U.S. v. Grote, 629 F.Supp.2d 1201 (E.D.Wash.2009); Brown v. State, 24 So.3d 671 (Fla. 5th DCA 2009), review denied, 39 So.3d 1264 (Fla. 2010); State v. Karson, 44 Kan.App.2d 306, 235 P.3d 1260 (2010); State v. Brown, 33 So.3d 894 (La.Ct.App.2009); McCain v. State, 194 Md.App. 252, 4 A.3d 53 (2010); People v. Short, 289 Mich.App. 538, 797 N.W.2d 665 (2010); State v. Hicks, — S.W.3d — (S.D.Mo. Aug. 20, 2010) (en banc); State v. Baker, 229 P.3d 650 (Utah 2010); State v. Dearborn, 327 Wis.2d 252, 786 N.W.2d 97 (2010); State v. Afana, 169 Wash.2d 169, 233 P.3d 879 (2010) (en banc) (but there is no good-faith exception under the state constitution).

. See U.S. v. Gonzalez, 578 F.3d 1130 (9th Cir.2009), rehearing en banc denied, 598 F.3d 1095 (9th Cir.2010); U.S. v. Peoples, 668 F.Supp.2d 1042 (W.D.Mich.2009); U.S. v. Buford, 623 F.Supp.2d 923 (M.D.Tenn.2009); People v. McCarty, 229 P.3d 1041 (Colo.2010); U.S. v. Debruhl, 993 A.2d 571 (D.C.2010); People v. Arnold, 394 Ill.App.3d 63, 333 Ill.Dec. 331, 914 N.E.2d 1143 (2009); Bledsoe v. Commonwealth, No. 2009-CA-001149-MR, 2010 WL 4025901 (Ky.Ct.App. Oct. 15, 2010) (unpublished); State v. Kingsley, — S.W.3d — (Mo.Ct.App. Aug. 24, 2010); Baxter v. State, 238 P.3d 934 (Okla.Crim.App.2010).