75 So.3d 325 (2011)
Jeffrey Milton COX, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-2104.
District Court of Appeal of Florida, First District.
October 17, 2011.
Rehearing Denied December 15, 2011.
M. James Jenkins, Pensacola, for Appellant.
Pamela Jo Bondi, Attorney General; and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal of a judgment and sentence entered after the appellant pled nolo contendere, while expressly reserving his right to appeal the denial of his dispositive motion to suppress items recovered during a warrantless vehicle search. Pursuant to the "tipsy coachman" doctrine, we affirm the convictions and sentences because the evidence supported the trial court's correct ruling. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002).
In the process of executing a valid arrest warrant for the appellant's 2006 offenses, law enforcement stopped the appellant's truck and read his constitutional rights, which the appellant acknowledged understanding. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When FDLE Special Agent Lawson asked whether he had drugs or anything else in his vehicle that could get him in trouble, the appellant answered that he had Dilaudid in his gym bag. Hydromorphone, also known as Dilaudid, is a Schedule II controlled substance. § 893.03(2)(a)1.k., Fla. Stat. (2008); Todd v. State, 648 So.2d 249 (Fla. 3d DCA 1994); State v. Gillum, 428 So.2d 755 (Fla. 2d DCA 1983). A subsequent search of the gym bag disclosed drug paraphernalia and a pill bottle containing Dilaudid, on which the State based new charges. Because the appellant admitted the presence of the drug contraband in the bag inside his truck, the warrantless search was proper and no basis existed to suppress the fruits of the search. See United States v. Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (holding that a warrantless search of a vehicle supported by probable cause is not unreasonable if *326 based on facts that would justify issuance of a warrant); Minnis v. State, 577 So.2d 973, 975-76 (Fla. 4th DCA 1991); Rivera v. State, 373 So.2d 64, 66 (Fla. 3d DCA 1979) (concluding that where defendant was properly stopped for erratic driving, officer had probable cause to search the vehicle after defendant admitted having a pistol next to the driver's seat); State v. Patterson, 309 So.2d 555, 557 (Fla. 2d DCA 1975) (noting that "[a]dmissions of crime . . . carry their own indicia of credibility").
The trial court correctly denied the motion to suppress, accepted the valid plea, and sentenced the appellant for the 2006 crimes as well as the new offenses.
Accordingly, we AFFIRM the judgment and sentence.
ROBERTS and RAY, JJ., concur.
BENTON, C.J. Concurs in Judgment.
BENTON, C.J., concurring in the judgment.
The appellant was arrested, while driving an automobile, pursuant to a warrant the validity of which has not been called into question. Even if such a search would now be invalid under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), we have held that the evidence should not be excluded. See State v. Harris, 58 So.3d 408, 409 (Fla. 1st DCA), review granted, Harris v. State, 61 So.3d 410 (Fla.2011).