MAY, C.J.
 

 The State appeals an order granting the defendant’s motion to suppress. It argues that the trial court erred in failing to apply the “good faith” exception to the officer’s conduct, which was in compliance with existing law at the time of the arrest. We agree and reverse.
 

 The State charged the defendant with Possession of MDMA and Driving While License Suspended. The defendant filed a motion to suppress, arguing that the traffic stop was illegal, pursuant to the then recently decided
 
 Arizona v. Gant,
 
 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Citing
 
 Brown v. State,
 
 24 So.3d 671 (Fla. 5th DCA 2009), the State argued that the trial court should apply the “good faith” exception to the officer’s conduct because
 
 Gant
 
 had not been decided at the time of the arrest. The trial court disagreed and granted the motion.
 

 Testimony revealed that a deputy conducted a traffic stop of the defendant due to loud music emitting from his vehicle. He asked the defendant for his driver’s license. The defendant indicated that he did not have it with him, and gave the deputy his Florida identification card. A teletype check revealed the defendant’s license had been suspended.
 

 The deputy handcuffed the defendant and read him Miranda
 
 [1]
 
 warnings. The defendant told the deputy that he lied about the suspended license because he was nervous. The deputy arrested the defendant for driving with a suspended license with knowledge.
 

 The defendant sat in the backseat of the patrol car while the deputy conducted a search of his vehicle incident to the arrest. The deputy found a small plastic bag containing pills, which field tested positive for a controlled substance. The deputy could not see the pills until he explored a compartment to the left of the steering wheel.
 

 The trial court rendered a written order, finding the search unlawful under
 
 Arizona v. Gant.
 
 The trial court acknowledged
 
 Brown v. State,
 
 but declined to follow it. From that decision, the State now appeals.
 

 The State argues the trial court erred in granting the defendant’s motion to suppress because the traffic stop occurred before the Court decided
 
 Gant.
 
 The defendant acknowledges that the more recent case of
 
 Davis v. U.S.,
 
 — U.S. -, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011), may compel a reversal.
 

 
 *878
 
 We “must independently review mixed questions of law and fact that ultimately determine constitutional issues arising in the context of the Fourth ... Amendment.”
 
 Connor v. State,
 
 803 So.2d 598, 608 (Fla.2001). We have de novo review of the legal issue presented.
 
 Id.
 

 Last year’s decision in
 
 Davis
 
 controls.
 
 [2]
 

 Davis
 
 decided whether the exclusionary rule should be applied “when the police conduct a search in objectively reasonable reliance on binding judicial precedent.”
 
 Davis,
 
 131 S.Ct. at 2428. Just as in this case, the
 
 Davis
 
 search occurred prior to the Court’s decision in
 
 Gant. Id.
 
 The Court held the “good faith” exception to the exclusionary rule applied, and affirmed the denial of the defendant’s motion to suppress.
 
 Id.
 
 at 2434.
 

 Under
 
 Davis,
 
 courts are required to apply the “good faith” exception to the exclusionary rule in
 
 pre-Gant
 
 searches. This case falls into that categoi’y. When the officer conducted the search, the Court had not yet decided
 
 Gant.
 
 Consequently, the “good faith” exception applies and the motion to suppress must be denied.
 
 [3]
 

 Reversed and Remanded.
 

 STEVENSON and GROSS, JJ., concur.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . We note the trial court did not have the benefit of
 
 Davis
 
 at the time it granted the motion to suppress.
 

 [3]
 

 . The First District certified the following question to our supreme court in
 
 State v. Harris,
 
 58 So.3d 408 (Fla. 1st DCA 2011):
 

 Does the good-faith exception to the exclusionary rule apply to evidence seized by the police in contravention of
 
 Arizona v. Gant,
 
 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009)?
 

 58 So.3d at 411. Our supreme court dismissed
 
 Harris
 
 following the United States Supreme Court's decision in
 
 Davis. See Harris v. State,
 
 73 So.3d 760 (Fla. Oct. 3, 2011).